Present:  All the Justices

CITY OF SUFFOLK
                                           OPINION BY
v.  Record No. 082345        JUSTICE LAWRENCE L. KOONTZ, JR.
                                       September 18, 2009
LUMMIS GIN COMPANY, ET AL.

            FROM THE CIRCUIT COURT OF THE CITY OF SUFFOLK
                     Rodham T. Delk, Jr., Judge


     This appeal arises from a complaint filed by the City of

Suffolk on March 9, 2006 in the Circuit Court of the City of

Suffolk, pursuant to Code §§ 58.1-3965 et seq., seeking to

sell a certain parcel of land located within the city in order

to satisfy delinquent real estate tax liens on the parcel.

The merits of the assertions in the complaint are not at issue

in this appeal.  By order entered on February 12, 2008, the

circuit court granted the City's motion for a nonsuit.

Thereafter, by order entered on September 22, 2008, the

circuit court found that the City had taken a second nonsuit,

rather than a first nonsuit, in the matter and awarded a

number of the defendants attorney fees and costs pursuant to

Code § 8.01-380(B).  The issues we consider are whether the

circuit court erred in finding that the February 12, 2008

order was for a second nonsuit and whether that order was a

final order as contemplated by our Rule 1:1 such that the

circuit court was without jurisdiction to award attorney fees

and costs by the September 22, 2008 order.

BACKGROUND

On September 25, 1995 the City filed a combined complaint in the circuit court against Western Branch Crossing LP, the Lummis Gin Company, and numerous other alleged property owners as defendants. The City sought sale of various parcels of land within the city in order to satisfy delinquent real estate tax liens on those parcels. That case was styled, City of Suffolk, Virginia v. Western Branch Crossing LP, Circuit Court Case No. CH95-285. The parcel identified as being owned by the Lummis Gin Company and its survivors in title is the same parcel involved in the current case. The City subsequently filed a motion for a nonsuit so "that this action may stand dismissed as to the defendant, Lummis Gin Co., without prejudice to the bringing of another action." On May 16, 1996, the circuit court granted the City's motion.

On March 9, 2006, the City again filed a complaint in the circuit court seeking to satisfy all delinquent real estate taxes on the same parcel of land previously identified as being owned by the Lummis Gin Company in the 1995 complaint. In addition to the Lummis Gin Company and numerous individual defendants, the suit named Mills Staylor, Kay Simmons, Lewis B. Smith, David B. Smith, and William B. Smith (collectively, "the Baker heirs") as defendants. Only the Baker heirs filed an answer to the complaint. At a February 12, 2008 hearing,

2

the City submitted a proposed order for a nonsuit to the circuit court. The Baker heirs contended that since the 1995 delinquent tax case against the Lummis Gin Company resulted in a nonsuit, the City's motion for a nonsuit in the instant matter represented a request for a second nonsuit. Accordingly, the Baker heirs sought an award of attorney fees and costs.

At the conclusion of the hearing, the circuit court articulated that it was "going to enter the nonsuit order [and] going to retain the case on the docket to [consider] the issue of fees and costs and whether this is a first voluntary nonsuit of right or whether it is the second nonsuit contemplated by [Code § 8.01-380(B)]." On that same day the court entered an order granting the City's motion for a nonsuit without prejudice. The order further provided that "[t]his suit shall remain on the docket for the Court to determine issues concerning attorney fees, costs and expenses incurred by [the Baker heirs]."

The parties filed briefs and argued their positions before the circuit court on August 12, 2008. The Baker heirs contended that the 1995 suit and the current suit were duplicate causes of action. The Baker heirs stressed that the current suit sought recovery of "all accumulated taxes, penalties, interests and costs thereon." Thus, according to

3

the Baker heirs, the City was attempting to hold the Baker heirs liable for the unpaid taxes in every tax year including the 1995 tax year and all earlier tax years.  The City asserted that the court's February 12, 2008 order was a final judgment order for purposes of Rule 1:1, and thus the court had lost jurisdiction over the matter twenty-one days after the entry of the February 12, 2008 order.  Further, the City emphasized that pursuant to the language of the May 16, 1996 order, the only party that the City had suffered a nonsuit against in the earlier case was the Lummis Gin Company and that the Baker heirs were not named parties in the earlier suit.  Accordingly, the City maintained that the nonsuit granted by the court on February 12, 2008 was the first nonsuit of the case as to the Baker heirs and thus Code § 8.01-380(B) would not authorize an award of attorney fees and costs to the Baker heirs.

The court entered a "Final Order" in favor of the Baker heirs on September 22, 2008.  The order, in pertinent part, provided that:

> [T]he Court finds that the [present] case is a second or additional nonsuit of the [prior] case styled City of Suffolk, Virginia v. Western Branch Crossing LP, . . ., and doth sustain [the Baker heirs'] motion and award attorney fees and cost[s] . . . and the Court doth deny Complaint's request for a ruling pursuant to Rule 1:1 that the Court lacked jurisdiction to decide the matters raised in the request for attorney's fees, it is therefore,

4

> ADJUDGED, ORDERED, and DECREED that the City
> of Suffolk shall pay [the Baker heirs'] attorney
> fees and cost[s] in the amount of $1,113.00.

We awarded the City this appeal.

### DISCUSSION

Code § 8.01-380(B), in pertinent part, provides that:

> Only one nonsuit may be taken to a cause of action
> or against the same party to a proceeding, as a
> matter of right, although the court may allow
> additional nonsuits . . . or counsel may stipulate
> to additional nonsuits. The court, in the event
> additional nonsuits are allowed, may assess costs
> and reasonable attorneys' fees against the
> nonsuiting party.

We have stated that this statute grants the plaintiff "an absolute right to one nonsuit" and observed that if the plaintiff "insists upon taking the nonsuit within the limitations imposed by the statute, neither the trial court nor opposing counsel can prevent him from doing so." Nash v. Jewell, 227 Va. 230, 237, 315 S.E.2d 825, 829 (1984). We have further observed, however, that courts act by orders and decrees and therefore the litigation is not terminated until the court enters the appropriate nonsuit order. Id.

It is readily apparent that Code § 8.01-380(B) draws a clear distinction between a first nonsuit which must be granted as a matter of right and a second or additional nonsuit which permits the trial court to assess costs and

reasonable attorneys' fees against the nonsuiting party. It is this distinction that requires this Court in the present case to first determine whether the nonsuit granted by the circuit court on February 12, 2008 was the first nonsuit as to the Baker heirs.

In this regard, the record in the present case does not support the Baker heirs' assertion that they were parties to the prior suit as successors in title of the Lummis Gin Company. Moreover, assuming that they could establish an ownership interest in the property sought to be sold by the City to satisfy its delinquent tax lien in 1995, the present action sought recovery for delinquent taxes regarding different tax years. Code § 58.1-3965(A), as pertinent here, permits the sale of real estate to satisfy delinquent taxes "[w]hen any taxes on any real estate in a county, city or town are delinquent on December 31 following the second anniversary of the date on which such taxes have become due." Thus, the delinquent taxes sought to be satisfied in the 1995 proceeding could not have been the same delinquent taxes sought to be satisfied in the proceeding commenced in 2006. Because the present action filed by the City was not the same cause of action filed by the City in 1995, the nonsuit granted by the circuit court in the prior action did not operate to extinguish the City's right to take a first nonsuit in the

6

present action.  Accordingly, the circuit court erred in determining in its September 22, 2008 order that its February 12, 2008 order granted the City a "second or additional nonsuit."  It then follows that the circuit court had no authority to award costs and attorneys' fees against the City in the exercise of its absolute right to a first nonsuit.  But see, Williamsburg Peking Corp. v. Kong, 270 Va. 350, 354, 619 S.E.2d 100, 102 (2005) (entry of nonsuit order does not conclude a case as to any pending motions for sanctions pursuant to Code § 8.01-271.1).

While our holding that the City was granted a first nonsuit in this case resolves this appeal, we take this opportunity to address the finality of the February 12, 2008 nonsuit order for purposes of Rule 1:1.

In Super Fresh Food Markets v. Ruffin, 263 Va. 555, 561 S.E.2d 734 (2002), we held the following regarding the application of Rule 1:1:

> [T]he provisions of Rule 1:1 are mandatory in order to assure the certainty and stability that the finality of judgments brings.  Once a final judgment has been entered and the twenty-one day time period of Rule 1:1 has expired, the trial court is thereafter without jurisdiction in the case.  Thus, only an order within the twenty-one day time period that clearly and expressly modifies, vacates, or suspends the final judgment will interrupt or extend the running of that time period so as to permit the trial court to retain jurisdiction in the case.

<u>Id.</u> at 563-64, 561 S.E.2d at 739.

In <u>James v. James</u>, 263 Va. 474, 481, 562 S.E.2d 133, 137 (2002), we noted that "the concept of nonsuit is sufficiently imbued with the attributes of finality to satisfy the requirements of Rule 1:1." Therefore, we opined that, "from its very nature, an order granting a nonsuit should be subject to the provisions of Rule 1:1." <u>Id.</u> As pertinent to the present case, we held "[n]either the filing of post-trial or post-judgment motions, nor the trial court's taking such motions under consideration, <u>nor the pendency of such motions on the twenty-first day after final judgment</u>, is sufficient to toll or extend the running of the 21-day period prescribed by Rule 1:1." <u>Id.</u> at 482-83, 562 S.E.2d at 138 (<u>quoting</u> <u>Berean Law Group, P.C. v. Cox</u>, 259 Va. 622, 626, 528 S.E.2d 108, 111, (2000)).

Notwithstanding the circuit court's attempt in the present case to preserve the issue by including the statement: "[t]his suit shall remain on the docket for the Court to determine issues concerning attorney fees, costs and expenses incurred by [the Baker heirs]" in the February 12, 2008 order, the court still only had twenty-one days to resolve the issue before the court lost jurisdiction. Therefore, the court was without jurisdiction to decide any issue in the matter twenty-one days

8

after entry of the February 12, 2008 nonsuit order. The court's September 22, 2008 order awarding attorneys' fees and costs to the Baker heirs was a nullity.

CONCLUSION

For these reasons, we hold that the February 12, 2008 order of the circuit court granted a first nonsuit as a matter of right to the City of Suffolk as to the Baker heirs. We further hold that the February 12, 2008 order was a final order as construed under Rule 1:1 and, therefore, the circuit court had no jurisdiction to award attorney fees and costs twenty-one days after entry of that order.

Accordingly, we will reverse the circuit court's September 22, 2008 order awarding attorney fees and costs to the Baker heirs and enter final judgment here in favor of the City of Suffolk.

<u>Reversed and final judgment</u>.

9