**Alexandria**

HARRY LEONARD HALL

v.

ELLA MARIE HALL

No. 0512-88-4

Decided February 13, 1990

COUNSEL

Stephen G. Cochran (Cochran & Pijor, on brief), for appellant.

Robert L. Vaughan, Jr. (Miller & Bucholtz, on brief), for appellee.

OPINION

**HODGES, J.\***—The dispositive question in this matter, which arises from a bifurcated divorce proceeding, is whether Harry Hall's (husband) appeal from the circuit court's order of spousal support is proper. The husband challenges the spousal support award solely on the ground that the court erred in not finding Ella Hall (wife) guilty of desertion, which at that date would have barred her from receiving spousal support.[1] For the reasons stated below, we dismiss the appeal.

On December 18, 1987, the trial court overruled the recommendation of the commissioner in chancery that the husband be granted a divorce based on the ground of the wife's desertion and granted the parties a divorce on the ground of living separate and apart for more than one year. In its letter opinion of December 2, 1987, the court found that the wife, who was an alcoholic, was justified in leaving the marital home due to her husband's drinking and the stress brought about by their children's use of alcohol

---

\* Judge Hodges prepared and the Court adopted the opinion in this case prior to the effective date of his retirement on October 31, 1989.

[1] Prior to amendment, Code § 20-107.1 provided that "no permanent maintenance and support shall be awarded from a spouse if there exists in such spouse's favor a ground of divorce under any provision of § 20-91(1), (3) or (6) [desertion] or § 20-95." In 1988, the General Assembly amended Code § 20-107.1 to remove desertion and several other fault grounds for divorce as bars to the award of permanent maintenance and support. Presently, the only fault grounds which may bar permanent maintenance and support are provided for in Code § 20-91(1), which are adultery, sodomy or buggery committed outside the marriage.

and drugs. The court found that the wife reasonably believed that remaining in the home would jeopardize her health and well-being and that her attempts to remedy the situation had been unsuccessful. The final decree of divorce reserved jurisdiction over the matters of spousal support and equitable distribution. A final hearing on these matters was held on February 23, 1988. Among other provisions of the final order of March 4, 1988, the court ordered the husband to pay the wife $450 per month spousal support. He filed this appeal on April 1, 1988, more than ninety days after the entry of the final decree of divorce but within thirty days of the spousal support order.

■ We hold that the doctrine of *res judicata* bars the husband's appeal of the spousal support award on the sole ground that the award was invalid because his wife was guilty of desertion. The issue of the wife's alleged misconduct was finally and conclusively resolved by the court's ruling on the final decree of divorce and could not be relitigated at the hearing on the issues of spousal support and equitable distribution.

In so holding, we distinguish *Morris v. Morris*, 3 Va. App. 303, 349 S.E.2d 661 (1986), a case in which the husband, in a bifurcated proceeding, appealed from the spousal support award on the ground that the wife was barred from receiving spousal support because her conduct toward him constituted cruelty, which amounted to constructive desertion. In *Morris*, this court reviewed the trial court's finding on the issue of the wife's alleged constructive desertion as it related to the spousal support award. The husband in *Morris* initially sought a divorce based on a one year separation. His wife filed an answer and a cross-bill seeking a divorce on the ground of cruelty, raising the issue of the husband's alleged misconduct. Before granting the parties a divorce on the ground of a one year separation, the court heard evidence regarding the husband's alleged misconduct, but heard no evidence concerning the wife's conduct. Thus, prior to the spousal support hearing, the trial court had not ruled on whether the wife was guilty of constructive desertion. Unlike the husband in this case, the husband in *Morris* was not barred by the doctrine of *res judicata* from raising the constructive desertion issue at the support stage and appealing the court's findings on the fault ground as it related to the spousal support award. In disposing of the support issue, the *Morris* court noted:

Since no timely notice of appeal was filed with respect to the decree of divorce itself we do not consider any issue concerning the correctness of the decree of divorce and only consider evidence of the grounds for divorce to the extent that it relates to the award of spousal support.

3 Va. App. at 306, 349 S.E.2d at 663.

■ In this case, to preserve the desertion issue for appellate review, the husband should have filed a timely appeal from the divorce decree. He did not do so. When the appeal was noted, the following statute, quoted in pertinent part, was in effect: "[A] notice of appeal to the Court of Appeals in any case within the jurisdiction of the court *shall be filed within thirty days* from the date of any final judgment order, *decree* or conviction." Code § 8.01-675.3 (emphasis added). The final decree in this case was entered on December 17, 1987. The parties had thirty days from that date to file an appeal. Since the husband's appeal was filed more than ninety days after the final decree of divorce was entered, the appeal is not timely.

We reject the husband's argument that the time for filing an appeal in a bifurcated proceeding is extended. The husband, in effect, argues that, except when prohibited by statute, when the notice of appeal from the final decree of divorce is filed beyond the statutory time period for the final decree but within thirty days from the award of equitable distribution, the appeal from the final decree of divorce is timely. Were we to accept this argument, we would be holding, in effect, that a final decree of divorce is not "final" when entered; this we decline to do.

Accordingly, for the above reasons, this appeal is dismissed.

*Dismissed.*

Duff, J., and Moon, J., concurred.