COURT OF APPEALS OF VIRGINIA


Present:    Chief Judge Felton, Judges Petty and Beales
Argued at Chesapeake, Virginia


ROY M. CARRITHERS
                                                                OPINION BY
v.        Record No. 1747-11-1                        JUDGE WILLIAM G. PETTY
                                                                APRIL 17, 2012
KIMBERLY A. HARRAH


FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
David F. Pugh, Judge

Blanche M. Garber (Jeffrey M. Summers; BMGLAW LLC; The
Law Office of Jeffrey M. Summers, PLLC, on briefs), for appellant.

Jeffrey F. Riddle (William C. Cowardin, Jr.; Cowardin & Kim,
P.L.C., on brief), for appellee.


Appellant, Roy M. Carrithers, appeals an order of the circuit court ("trial court") ruling

that the Juvenile and Domestic Relations District Court of the City of Newport News ("JDR

court") had jurisdiction to enter a money judgment against him for child support arrearages,

pursuant to Code § 16.1-278.18(A).  Carrithers also appeals an order of the trial court awarding

appellee, Kimberly A. Harrah, attorneys' fees for the relevant proceedings in the trial court

below.  Harrah, on her part, has moved this Court to dismiss Carrithers' appeal for failure to

timely file his notice of appeal as required by Rule 5A:6(a).  For the reasons expressed below,

we grant Harrah's motion to dismiss this appeal.  Accordingly, we do not address the merits of

Carrithers' assignments of error.

# I. BACKGROUND

The parties were divorced on May 12, 1993. The divorce decree ordered Carrithers to pay Harrah child support for the child born during their marriage, as well as to provide and maintain health insurance for the child and to pay all medical and dental bills not covered by that insurance. In 2005, after the child had turned eighteen years old, Harrah filed a "Motion and Notice of Judgment for Arrearages" in the JDR court, pursuant to Code § 16.1-278.18(A). Finding that Carrithers had failed to pay any of the court-ordered child support and certain medical and dental expenses, the JDR court entered a judgment on March 9, 2006 awarding Harrah $62,096.06 plus interest.

In 2010, Carrithers moved the JDR court to reinstate the case on its docket and to vacate its judgment entered on March 9, 2006. Carrithers argued that he had not been duly served with Harrah's motion for judgment for arrearages and that the JDR court therefore lacked jurisdiction to enter its judgment against him. On December 14, 2010, the JDR court dismissed Carrithers' motion, concluding that its "jurisdiction to enforce its support orders is continuing and therefore is proper."

Carrithers appealed the JDR court's decision to the trial court, arguing that the JDR court did not have personal jurisdiction over him because he was not properly served with Harrah's motion as required by Code § 16.1-278.18(A). On March 29, 2011, the trial court entered an order ("March 29 order") ruling that the JDR court had jurisdiction to enter its judgment of March 9, 2006 and remanding to the JDR court all matters pertaining to child support. On the same day, the trial court issued a letter directing the parties to file briefs regarding their motions for attorneys' fees and costs. On August 1, 2011, the trial court entered another order awarding Harrah $5,825 in attorneys' fees for the proceedings in the trial court. Carrithers filed his notice of appeal on August 30, 2011.

II. ANALYSIS

In her motion to dismiss Carrithers' appeal, Harrah argues that Carrithers failed to timely file his notice of appeal as required by Rule 5A:6(a). Based on controlling Supreme Court precedent, we agree.

Rule 5A:6(a) provides, in part: "No appeal shall be allowed unless, within 30 days after entry of final judgment or other appealable order or decree, . . . counsel files with the clerk of the trial court a notice of appeal . . . ." See Code § 8.01-675.3 (providing that generally, "a notice of appeal to the Court of Appeals in any case within the jurisdiction of the court shall be filed within 30 days from the date of any final judgment order, decree or conviction"). "In general terms, a final judgment is one which disposes of the entire action and leaves nothing to be done except the ministerial superintendence of execution of the judgment." Super Fresh Food Markets of Va., Inc. v. Ruffin, 263 Va. 555, 560, 561 S.E.2d 734, 737 (2002); see also James v. James, 263 Va. 474, 481, 562 S.E.2d 133, 137 (2002). The question of whether a particular order is a final judgment is a question of law that we review *de novo*. See Rusty's Welding Serv., Inc. v. Gibson, 29 Va. App. 119, 127, 510 S.E.2d 255, 259 (1999) (en banc) (noting generally that "we review questions of law *de novo*").

In its March 29 order, the trial court ruled that the JDR court had jurisdiction to enter its judgment of March 9, 2006 and remanded to the JDR court all matters pertaining to child support. This ruling constituted a final judgment on the merits of Carrithers' appeal to the trial court from the JDR court. The "ministerial superintendence of execution of the judgment" was transferred to the JDR court. See Super Fresh Food Markets, 263 Va. at 560, 561 S.E.2d at 737. The only matter unresolved by the trial court's March 29 order involved the pending requests by both parties for attorneys' fees and costs. The fact that the trial court did not rule on the parties'

motions for attorneys' fees and costs in its March 29 order does not negate the fact that the March 29 order was indeed a final judgment on the merits of the case.

As the Supreme Court has recently reiterated:

> "[W]hen a trial court enters an order, or decree, in which a judgment is rendered for a party, *unless that order expressly provides that the court retains jurisdiction* to reconsider the judgment or *to address other matters still pending* in the action before it, *the order renders a final judgment* and the twenty-one day time period prescribed by Rule 1:1 begins to run."

Johnson v. Woodard, 281 Va. 403, 409, 707 S.E.2d 325, 328 (2011) (emphasis added) (quoting Super Fresh Food Markets, 263 Va. at 561, 561 S.E.2d at 737). The trial court's March 29 order contained no language retaining jurisdiction to address the parties' pending requests for attorneys' fees and costs. Thus, the order "'render[ed] a final judgment.'" Id. (quoting Super Fresh Food Markets, 263 Va. at 561, 561 S.E.2d at 737).

The trial court's letter of March 29, 2011, which directed the parties to file briefs regarding their motions for attorneys' fees and costs, did not affect the finality of the trial court's order entered that same day disposing of the merits of the case. The Supreme Court addressed a similar situation in City of Suffolk v. Lummis Gin Co., 278 Va. 270, 683 S.E.2d 549 (2009). In City of Suffolk, the trial court entered an order nonsuiting the case and stated in its order that "[t]his suit shall remain on the docket for the Court to determine issues concerning attorney fees, costs and expenses incurred by [certain defendants]." 278 Va. at 274, 683 S.E.2d at 551 (first alteration in original). Over the ensuing months, the trial court received the parties' briefs regarding the issue of attorneys' fees and costs, heard their oral presentations, and entered another order, styled "Final Order," awarding attorneys' fees and costs to the defendants who had requested them. Id. at 274-75, 683 S.E.2d at 551. Noting that a nonsuit order is a final judgment, id. at 277, 683 S.E.2d at 552, the Supreme Court held that the trial court's language in

its nonsuit order attempting to preserve the issue of attorneys' fees and costs was an ineffectual attempt to avoid the strictures of Rule 1:1, id. at 277, 683 S.E.2d at 552-53.

In other words, even if an order granting a final judgment on the merits of a case contains express language indicating that the trial court *intends* to rule on a request for attorneys' fees at a future time, such language does not negate the fact that such an order is in fact a final judgment. The Supreme Court has held that if a trial court wishes such an order not to be a final order, it must "includ[e] specific language [in the order rendering judgment] stating that the court is retaining jurisdiction to address matters still pending before the court." Johnson, 281 Va. at 409-10, 707 S.E.2d at 328; see id. at 410, 707 S.E.2d at 328 (holding that a nonsuit order was not a final order because it expressly stated that "this Court shall retain jurisdiction of this matter to consider any application for attorney's fees and costs" and that "for [the] purposes of Rule 1:1, this is not a final order" (alteration in original)); cf. Super Fresh Food Markets, 263 Va. at 562-63, 561 S.E.2d at 738-39 (holding that an order entered within twenty-one days of the entry of final judgment was insufficient to counteract the operation of Rule 1:1 even though the order expressly "stated that the trial court would 'retain jurisdiction over this action . . . [to] consider and rule on' Super Fresh's motion for reconsideration," because the order did not actually modify, vacate, or suspend the final judgment, as Rule 1:1 requires (alteration and omission in original)). A mere indication that the trial court *intends* to rule on pending motions is insufficient to negate the finality of an order rendering a final judgment on the merits of a case. See City of Suffolk, 278 Va. at 277, 683 S.E.2d at 552-53.[1] This is particularly true where, as

_____

[1] Anything in Alexander v. Flowers, 51 Va. App. 404, 658 S.E.2d 355 (2008), or Mina v. Mina, 45 Va. App. 215, 609 S.E.2d 622 (2005), that might suggest the contrary would be superseded by the Supreme Court's opinions discussed above. We express no opinion regarding the extent to which Alexander or Mina might have been implicitly overruled by the Supreme Court.

here, the trial court's intention regarding the pending motions is not even expressed in the order rendering the final judgment.

Thus, the trial court's letter indicating its intent to address the issue of attorneys' fees and costs at a future time does not mean that its March 29 order was anything other than a final order. Since Carrithers failed to file his notice of appeal within thirty days of the March 29 order, he is precluded from challenging anything resolved by that order in this appeal. See Rule 5A:6(a); Hall v. Hall, 9 Va. App. 426, 428-29, 388 S.E.2d 669, 670 (1990) (holding that to appeal a particular issue resolved by a trial court's ruling in a final divorce decree, a party must appeal from the decree within thirty days of its entry and is not entitled to wait until thirty days from the entry of a subsequent equitable distribution award in a bifurcated proceeding). Hence, because both of Carrithers' assignments of error are premised on alleged error in the trial court's March 29 order, his notice of appeal, filed on August 30, 2011, did not give this Court jurisdiction to review any of the arguments he now seeks to make.[2] Therefore, we are obliged to dismiss this appeal for lack of jurisdiction. Johnson v. Commonwealth, 1 Va. App. 510, 512, 339 S.E.2d 919, 920 (1986) (noting that "the failure to file a notice of appeal with the clerk of the trial court within 30 days after entry of final judgment as required in Rule 5A:6(a) is jurisdictional").

---

[2] It is true that Carrithers' notice of appeal was filed within thirty days of the trial court's August 1, 2011 order awarding Harrah $5,825 in attorneys' fees. Although Carrithers' second assignment of error challenges this award of attorneys' fees, the doctrine of *res judicata* bars our consideration of the sole argument he raises under this assignment of error. Carrithers' only argument challenging the award of attorneys' fees is that the JDR court—and derivatively the trial court—lacked personal jurisdiction over him. This issue of personal jurisdiction was an issue "finally and conclusively resolved" by the trial court's March 29 order. See Hall, 9 Va. App. at 428, 388 S.E.2d at 670. Therefore, since Carrithers did not timely appeal from the March 29 order, the doctrine of *res judicata* bars him from arguing the issue of personal jurisdiction in this appeal. See id. at 428-29, 388 S.E.2d at 670.

### III. CONCLUSION

For the foregoing reasons, we grant Harrah's motion to dismiss this appeal.

Dismissed.