COURT OF APPEALS OF VIRGINIA

Present: Judges Petty, Chafin and Senior Judge Annunziata

JAMES A. GUNNING

MEMORANDUM OPINION*

v.      Record No. 1140-12-1                                            PER CURIAM
                                                                                            MAY 14, 2013

GAIL F. GUNNING

FROM THE CIRCUIT COURT OF MATHEWS COUNTY
R. Bruce Long, Judge

(Charles E. Haden, on brief), for appellant.

(Devin G. Hensley; Martin, Ingles & Hensley, Ltd., on brief), for
appellee.

James A. Gunning (husband) appeals from an order holding him in contempt for failing to

refinance or take responsibility for a loan encumbering the former marital residence. Husband

argues the trial court erred by (1) apportioning to Gail F. Gunning (wife) twenty-five percent of the

debt owed to husband's brother for his loan against the former marital residence, even though wife

received fifty percent of the equity in the former marital residence; and (2) finding husband in

contempt of court and ordering him to reimburse wife for the $17,669.30 that was garnished from

her bank account, in order to satisfy a judgment against her relating to the debt owed to husband's

brother. Upon reviewing the record and briefs of the parties, we conclude that this appeal is

without merit. Accordingly, we summarily affirm the decision of the trial court. See Rule

5A:27.

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

UNPUBLISHED

BACKGROUND

The parties married on October 23, 1968 and separated on January 24, 2008. Wife filed a complaint for divorce, to which husband filed an answer and cross-complaint. On December 2, 2010, the trial court heard the parties' evidence and argument regarding equitable distribution and spousal support. On January 12, 2011, the trial court entered a "Decree of Divorce, Equitable Distribution and Spousal Support." The trial court found that husband's brother loaned them $65,000 and that the loan was attached to the former marital residence. The trial court held that wife was responsible for twenty-five percent, or $16,250, of that loan. After considering the stipulated value of the former marital residence, the balances of the first and second mortgages, and wife's responsibility of $16,250 for the loan to husband's brother, the trial court held that wife's net share of the equity in the former marital residence was $41,741.50. Furthermore, the trial court ordered husband to pay wife her portion of the equitable distribution award by March 1, 2011 and to refinance the loans on the former marital residence.

Husband's brother obtained a default judgment against the parties for the $65,000 loan. In April 2012, husband's brother garnished wife's bank account in the amount of $17,699.30 in order to satisfy the judgment. On May 1, 2012, wife filed an "Affidavit and Motion for Rule to Show Cause" because husband failed to satisfy the $65,000 loan to his brother. The trial court entered the rule to show cause, and the parties appeared before the trial court on May 18, 2012.[1]

After hearing the parties' arguments, the trial court ordered husband to satisfy the judgment against his brother and to reimburse wife $17,699.30. The trial court entered an order reflecting its rulings on May 29, 2012, and waived husband's endorsement of the order pursuant to Rule 1:13.

---

[1] Husband appeared *pro se* at the May 18, 2012 hearing.

On June 26, 2012, husband's counsel filed a notice of appeal and a "Motion to Reconsider and Motion to Hold in Abeyance the Contempt of Court Finding and Provision Ordering Defendant to Pay Funds to Plaintiff within Sixty Days of May 18, 2012 and to Fully Satisfy Judgment of Brother within Sixty Days of May 18, 2012, pending Appeal of the Final Order Entered May 29, 2012."[2] The trial court had not entered an order suspending, vacating, or setting aside the order of May 29, 2012.

On August 10, 2012, the parties appeared before the trial court on husband's motion to reconsider. The trial court denied the motion and denied husband's request to suspend execution of the May 29, 2012 order. The trial court entered an order reflecting its rulings on September 7, 2012. Since the trial court did not suspend, vacate, or set aside the May 29, 2012 order, it did not have jurisdiction to consider, or rule on, husband's motion to reconsider after June 19, 2012. See Rule 1:1 (all orders are final after twenty-one days of entry). Husband did not file an appeal of the September 7, 2012 order. Therefore, we will not consider husband's arguments in the motion to reconsider, his arguments at the August 10, 2012 hearing, nor his objections to the trial court's September 7, 2012 order.

ANALYSIS

*Equitable distribution award*

Husband argues that the trial court erred by ordering that wife was responsible for only twenty-five percent of the loan to husband's brother, even though she was awarded fifty percent of the equity in the home. He contends the trial court made this equitable distribution award to "punish" him for the dissolution of the marriage.

---

[2] The motion was filed more than twenty-one days after the entry of the May 29, 2012 order. See Rule 1:1.

The decree of divorce, which included the equitable distribution rulings, was entered on January 12, 2011. In his brief, husband contends the January 12, 2011 order was not "an appealable final order" because it contained the following language:

> And this cause is continued on the docket of the court to monitor Husband's cash payment of the equitable distribution award totaling $56,118.45 and payment of attorney's fees as set forth hereinabove; and pending entry of a Military Pension Division Order and the appropriate Qualified Domestic Relations Order.

We disagree with husband and find that the January 12, 2011 order was a final order, and since husband did not appeal the January 12, 2011 order, he cannot argue now that the trial court erred in its equitable distribution award.

"The question of whether a particular order is a final judgment is a question of law that we review *de novo*." Carrithers v. Harrah, 60 Va. App. 69, 73, 723 S.E.2d 638, 639 (2012) (citation omitted).

> Generally speaking, a final order for purposes of Rule 1:1 "is one which disposes of the whole subject, gives all the relief contemplated, provides with reasonable completeness for giving effect to the sentence, and leaves nothing to be done in the cause save to superintend ministerially the execution of the order."

James v. James, 263 Va. 474, 481, 562 S.E.2d 133, 137 (2002) (quoting Daniels v. Truck & Equipment Corp., 205 Va. 579, 585, 139 S.E.2d 31, 35 (1964) (citations and inner quotation marks omitted)).

> "[W]hen a trial court enters an order, or decree, in which a judgment is rendered for a party, unless that order expressly provides that the court retains jurisdiction to reconsider the judgment or to address other matters still pending in the action before it, the order renders a final judgment and the twenty-one day time period prescribed by Rule 1:1 begins to run."

Johnson v. Woodard, 281 Va. 403, 409, 707 S.E.2d 325, 328 (2011) (quoting Super Fresh Food Markets of Va., Inc. v. Ruffin, 263 Va. 555, 561, 561 S.E.2d 734, 737 (2002)).

- 4 -

In this case, the January 12, 2011 court order addressed all pending matters, including the grounds of divorce, equitable distribution, and spousal support. The trial court included language to "monitor" husband's payments and for entry of orders dividing retirement; however, these actions were ministerial. Nothing remained to be done, so the January 12, 2011 order was an appealable final order.

Since husband did not file a timely notice of appeal, we will not consider his argument regarding the division of the former marital residence.

*Finding of contempt[3]*

Husband argues that the trial court erred in finding him in contempt because he previously complied with the trial court's equitable distribution order by paying wife $41,741.50 for her share of the former marital residence. He contends the trial court's ruling that he reimburse wife for $17,699.30, which was garnished from her bank account, in effect makes him a "guarantor after the fact of a pre-existing default judgment debt."

Husband failed to timely raise his argument to the trial court. "No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice." Rule 5A:18. "The purpose of Rule 5A:18 is to allow the trial court to correct in the trial court any error that is called to its attention." Lee v. Lee, 12 Va. App. 512, 514, 404 S.E.2d 736, 737 (1991) (en banc).

---

[3] For the reasons stated above, we find that the May 29, 2012 order was a final order. Contrary to wife's arguments, even though the order states that the case is continued on the docket "to monitor Defendant's payment to Plaintiff and to satisfy the judgment obtained by his brother and attorney's fees set forth hereinabove," the order is a final order for purposes of Rule 1:1. The trial court found husband guilty of contempt, and there was nothing further to be done in the case, other than to ensure that husband paid wife.

Husband was *pro se* at the hearing on May 18, 2012.[4] He admitted that there was a $65,000 loan to his brother, and explained that he "plan[ned] on deeding him [the brother] the house to cover anything so I [husband] can get the lien off of it." He further stated that his brother obtained the judgment prior to the entry of the final decree. Husband never objected to the trial court's contempt finding at the May 18, 2012 hearing, nor did he timely file any objections to the May 29, 2012 order.[5] As noted above, husband's motion to reconsider was not timely filed, so the trial court did not have jurisdiction to consider the motion to reconsider.

The Court of Appeals will not consider a claim of trial court error as a ground for reversal "where no timely objection was made, except to attain the ends of justice." Marshall v. Commonwealth, 26 Va. App. 627, 636, 496 S.E.2d 120, 125 (1998) (citing Rule 5A:18). "To be timely, an objection must be made when the occasion arises -- at the time the evidence is offered or the statement made." Marlowe v. Commonwealth, 2 Va. App. 619, 621, 347 S.E.2d 167, 168 (1986).

Since husband failed to note a timely objection to the trial court's ruling, we will not consider his argument.

*Attorney's fees*

Wife seeks an award of her appellate attorney's fees and costs. See O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996). On consideration of the record before us, we decline to award wife's attorney's fees incurred on appeal.

---

[4] A *pro se* litigant appearing "is no less bound by the rules of procedure and substantive law than a defendant represented by counsel." Townes v. Commonwealth, 234 Va. 307, 319, 362 S.E.2d 650, 657 (1987).

[5] The trial court waived husband's endorsement of the order pursuant to Rule 1:13.

CONCLUSION

For the foregoing reasons, the trial court's ruling is summarily affirmed.  Rule 5A:27.

Affirmed.