COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Chief Judge Decker, Judges AtLee and Friedman
Argued at Fredericksburg, Virginia


ELIZABETH HARING

MEMORANDUM OPINION* BY
v.        Record No. 0778-22-4                JUDGE FRANK K. FRIEDMAN
MAY 23, 2023

THE BANK OF NEW YORK MELLON, F/K/A
 THE BANK OF NEW YORK AS
 SUCCESSOR-IN-INTEREST TO JP MORGAN CHASE BANK,
 NATIONAL ASSOCIATION, AS TRUSTEE FOR
 STRUCTURED ASSET MORTGAGE INVESTMENTS II


FROM THE CIRCUIT COURT OF LOUDOUN COUNTY
James E. Plowman, Jr., Judge

Henry W. McLaughlin (Law Office of Henry McLaughlin, P.C., on
briefs), for appellant.

Ronald J. Guillot, Jr. (E. Edward Farnsworth, Jr.; Samuel I. White,
P.C., on brief), for appellee.


This appeal arises from an action for unlawful detainer filed by the Bank of New York

Mellon ("BONY") against Elizabeth Haring. Haring appealed the case from the general district

court to circuit court and posted an appeal bond. On March 7, 2022, the circuit court issued a

written order granting summary judgment to BONY, awarding possession of the property to

BONY, and ordering the clerk of court to record the order among the land deeds. This order

resolved all the claims raised in the litigation. However, the order also stated that the case was

being continued to resolve Haring's motion to have the appeal bond returned to her. More than

30 days later, on April 25, 2022, the court issued another written order stating that the appeal

---

* This opinion is not designated for publication. *See* Code § 17.1-413.

bond was to be disbursed to BONY as the prevailing party and ordering that the case be closed. Haring then appealed to this Court within 30 days of the April 25 order.

We find that the March 7 order was the final order in this case. Accordingly, Haring's notice of appeal submitted after the April 25 ruling was not timely filed with respect to the summary judgment rulings. Accordingly, we cannot reach her arguments on the merits issues. We further find that the circuit court's award of the bond to BONY, while timely appealed, was proper.

I. Background

In December 2018, the Bank of New York Mellon ("BONY") filed an action for unlawful detainer against Elizabeth Haring in the General District Court of Loudoun County. BONY stated that it was the record owner of a residence in Leesburg, Virginia, having purchased the property at auction; the bill of particulars included a copy of the trustee's deed for the property. BONY averred that a notice to quit and demand for possession was sent to Haring in November 2018, but Haring continued to "detain the [p]roperty," thereby denying BONY its right to possession. Haring responded in a written pleading that there was "a break in the chain of title" and that, therefore, BONY was not entitled to the property and the general district court had no subject matter jurisdiction. The general district court granted possession of the home to BONY.

Haring appealed and paid a $5,100 appeal bond. In circuit court, BONY moved for summary judgment, arguing, among other things, that Haring's claim of a break in the chain of title failed as a matter of law.[1] BONY also argued that Haring did not have standing to challenge the assignments of the deed of trust because she was not a party to the assignments.

---

[1] BONY describes the chain of title as Haring obtaining a loan from Continental Mortgage Corporation, which then assigned the deed of trust to Mortgage Electronic Registration Systems, Inc. ("MERS"); MERS then assigned the deed of trust to BONY. BONY appointed

On March 7, 2022, the circuit court issued a written order granting BONY's motion for summary judgment, awarding possession of the disputed property to BONY, and ordering the clerk of court to accept a copy of that order "for recordation among the land records of this court." The March 7 order concludes: "it is ordered that this action is continued to March 25, 2022 at 10:00 a.m. for review/status of appeal bond."[2]

On March 11, 2022, Haring filed a motion to reconsider and vacate the order granting summary judgment. This motion was denied by written order entered March 15, 2022. On April 8, 2022, Haring filed a written motion for the return of her appeal bond from general district court. BONY filed a written opposition to that motion.

On April 25, 2022, the circuit court issued a written order denying Haring's motion to have her bond returned to her. The order states that the motion is denied, that the appeal bond "shall be paid over" to BONY, and directs the clerk of court to disburse the appeal bond to BONY's counsel. The order concludes: "This order is Final and this matter may be stricken from this [c]ourt's docket." Haring appealed from this April 25, 2022 order, filing her notice of appeal on May 25, 2022.

---

Samuel White as substitute trustee, and later appointed Professional Foreclosure Corporation of Virginia ("PFC") as substitute trustee. PFC then conducted a foreclosure sale on the home, and BONY was the high bidder. BONY then filed a notice to quit, and later the unlawful detainer.

[2] Haring initially attempted to appeal the March 7 order to this Court. That appeal was dismissed for failure to timely file a notice of appeal with the clerk of the circuit court. While that notice of appeal was improperly filed, BONY suggests that the attempt shows that Haring was aware that the March 7 order was the final order in the case, thus triggering the applicable appellate deadlines.

II.  Notice of Appeal

The first issue we must address is whether Haring's notice of appeal was timely filed.[3] Additionally, we must determine whether the circuit court retained jurisdiction to issue the April 25 order.  As explained below, we find that the March 7 order was the final order from the circuit court and that Haring's appeal of the merits of that decision was not timely filed.  We further find that the circuit court retained jurisdiction to issue the April 25 order because the award of an appeal bond is a ministerial execution of a court's judgment, order, or decree.  *See* Rule 1:1(b).

A.  Circuit Court's Final Order

Haring was required to file her appeal to this Court within 30 days of the entry of final judgment by the circuit court.  Rule 5A:6(a); Code § 8.01-675.3.  Thus, the timeliness of Haring's notice of appeal depends on which order was the final order from the circuit court—the March 7 order granting summary judgment, or the April 25 order disbursing the appeal bond.  If the March 7 order was the final order, then Haring's appeal of the summary judgment award was not timely filed.  This question is subject to *de novo* review because it is a pure question of law. *Carrithers v. Harrah*, 60 Va. App. 69, 73 (2012).

"An order is final if it disposes of the 'entire action.'" *Kosko v. Ramser*, 299 Va. 684, 688 (2021) (quoting *Super Fresh Food Mkts. of Va., Inc. v. Ruffin*, 263 Va. 555, 560 (2002)). "The action is the claim or claims in the complaint and any counterclaims." *Id.*  "A final order is one which 'disposes of the entire action and leaves nothing to be done except the ministerial superintendence of execution of the judgment.'" *Id.* at 687 (quoting *Super Fresh*, 263 Va. at 560).  Additionally,

> [a]n order sustaining a plea in bar or sustaining a plea in bar with
> prejudice or without leave to amend is sufficient to dispose of a
> claim(s) or cause(s) of action subject to the plea in bar, *as is an*

[3] BONY filed a motion to dismiss Haring's first three assignments of error, alleging that she failed to timely appeal the circuit court's order of March 7, 2022.

> *order granting a motion for summary judgment*, even if the order
> does not expressly dismiss the claim(s) or cause(s) of action at
> issue or enter judgment for the moving party.

Rule 1:1(d) (emphasis added).

Here, the unlawful detainer action, which awarded possession of the home to BONY, was the claim at issue. The March 7 order granted summary judgment in favor of BONY, awarded BONY possession of the home, and ordered the clerk of court to record that order in the land deeds. Thus, the March 7 order disposed of the substantive claims in this proceeding.

> [W]hen a trial court enters an order, or decree, in which a judgment
> is rendered for a party, unless that order expressly provides that the
> court retains jurisdiction to reconsider the judgment or to address
> other matters still pending in the action before it, the order renders
> a final judgment and the twenty-one day time period prescribed by
> Rule 1:1 begins to run.

*Super Fresh*, 263 Va. at 561.

"The filing of ancillary motions for the recovery of costs or the filing of other post-trial motions does not suddenly transform an otherwise final order into a nonfinal order." *Kosko*, 299 Va. at 689. Otherwise, "anytime a litigant seeks other kinds of recoverable costs, or for that matter files any post-trial motion, there would, by definition, remain something to be done. Cases could be placed on indefinite hold by the filing of post-trial motions. Such an approach has little to commend it." *Id.*[4]

Here, while the language of the March 7 order indicated that the case was being "continued" to settle the matter of the appeal bond, the order did not include language explicitly retaining the circuit court's jurisdiction. *See, e.g.*, *Vokes v. Vokes*, 28 Va. App. 349, 357 (1998)

---

[4] We note that there are procedures litigants may follow to seek a tolling of the 21-day period in Rule 1:1. For example, they may request that the trial court "enter an order that expressly modifies, vacates, or suspends the judgment," *Super Fresh*, 263 Va. at 562, or they may ask the trial court to "includ[e] specific language [in the final order] stating that the court is retaining jurisdiction to address matters still pending before the court," *Johnson v. Woodard*, 281 Va. 403, 409-10 (2011).

(finding that a court order stating that the case "shall remain on the docket . . . for further hearing" was insufficient to toll the 30-day period of Rule 5A:6(a) "[d]espite the trial court's apparent intention to the contrary"); *City of Suffolk v. Lummis Gin Co.*, 278 Va. 270, 274 (2009) (finding that a court order stating that the case "shall remain on the docket for the Court to determine issues concerning attorney fees, costs and expenses incurred" did not allow the trial court to retain jurisdiction past 21 days because the granting of a nonsuit was a final judgment for purposes of Rule 1:1); *Carrithers*, 60 Va. App. at 74 (finding that despite a post-judgment directive to the parties to file additional briefs on the ancillary issue of attorney fees and costs, the trial court's order disposing of the merits of the case was a final order).

By contrast, in *Johnson v. Woodard*, 281 Va. 403, 407 (2011), the trial court successfully retained jurisdiction by issuing an order that granted a nonsuit and stated that "for purposes of Rule 1:1, this is not a final order, in that this Court shall retain jurisdiction of this matter to consider any application for attorney's fees and costs and such other relief as may be sought." Thus, Virginia case law is clear that "even if an order granting a final judgment on the merits of a case contains express language indicating that the trial court *intends* to rule" at a later time on a still-pending motion, this language "is insufficient to negate the finality of an order rendering a final judgment on the merits of a case." *Carrithers*, 60 Va. App. at 74-75.

Applying these principles to Haring's appeal confirms that she failed to timely appeal the merits rulings. Rule 1:1 states that when a court grants summary judgment the ruling "is sufficient to dispose of" a claim. The March 7 order granting summary judgment was the final order of the circuit court because it fully resolved all the claims and counterclaims of the parties.[5] The appeal bond disbursement issue was not part of the claim against Haring nor a counterclaim

---

[5] As noted above, Haring attempted to appeal the March 7 order, but failed to comply with the requirement of filing a notice in the circuit court within 30 days.

against BONY—and the circuit court's March 7 order did not include express language retaining jurisdiction in the matter. *See Johnson*, 281 Va. at 409-10. Accordingly, for Haring to appeal the final order on the merits, she needed to file her notice of appeal within 30 days of the March 7, 2022 order. She failed to do so. We conclude that Haring's assignments of error regarding the court's substantive rulings are barred as having not been timely appealed, and we cannot reach the merits of her arguments.

### B. The Court's Jurisdiction to Enter the April 25 Order

The circuit court's April 25 order was issued more than 21 days after the March 7 final order, thus raising questions about its validity under Rule 1:1. However, we find that the April 25 order, which dealt exclusively with the disbursement of the appeal bond, was a purely ministerial execution of the circuit court's prior March 7 judgment. *See* Rule 1:1(b) ("[u]nless otherwise provided by rule or statute, a judgment, order, or decree is final if it disposes of the entire matter before the court, including all claim(s) and all cause(s) of action against all parties, gives all the relief contemplated, and leaves nothing to be done by the court except the ministerial execution of the court's judgment, order, or decree").

"Once a final written order is entered, a trial court has twenty-one days to enter a new written order or to enter a written order modifying, suspending, or vacating the prior order to allow the court sufficient time to address the post-trial motion." *Kosko*, 299 Va. at 689. "Once the twenty-one-day period of Rule 1:1 has expired without an intervening order tolling the running of the time period, every action taken by a court thereafter to alter or vacate the final order is a nullity unless one of the limited exceptions to the preclusive effect of Rule 1:1 applies." *Vokes*, 28 Va. App. at 358.

We note that there is a difference between an ancillary motion, coming after resolution of the claims raised by the pleadings, and a motion requesting the ministerial execution of a final

order. Ancillary motions, such as post-judgment requests for attorney fees, *see Lummis Gin Co.*, 278 Va. at 277, costs, *see Kosko*, 299 Va. at 689, or petitions for rehearing, *see Hutchins v. Talbert*, 278 Va. 650, 654 (2009), require active jurisdiction of the trial court. In other words, ancillary motions must be ruled upon within the 21-day period of Rule 1:1, or the trial court will lose jurisdiction to make such a ruling. *Vokes*, 28 Va. App. at 358.

Motions requesting the ministerial execution of a final order, however, are administrative in nature. Such motions may stem from the final order itself, such as requesting a ruling on a written statement of facts or requesting modification of the terms of the security for an appeal. These type of administrative actions are not subject to the 21-day requirement of Rule 1:1. *See* Rule 5A:8(c) (requiring the filing of a written statement of facts within 60 days after the final judgment); *see also* Code § 8.01-676.1 (allowing modification by the trial court of the terms of the security for an appeal or for suspension of execution of a judgment "at any time until the Court of Appeals or the Supreme Court acts upon any similar motion"). Similarly, disbursement of an appeal bond after full resolution of a case stems from the final judgment of the case and is administrative in nature. This issue naturally arises after the trial court's final judgment has been issued.[6] When a purely ministerial action is required after the final judgment has been entered, Rule 1:1's 21-day requirement does not prevent such a ministerial action. Here, such a bar could lead to the untenable situation of the circuit court holding the appeal bond in perpetuity, unable to disburse it to any party.

While the April 25 order was entered more than 21 days after the final March 7 order, we find that the April 25 action taken by the circuit court—ruling on the appeal bond—was not a

---

[6] Indeed, a motion for reconsideration or to modify a judgment can be filed up to 21 days after judgment. Resolution of the disbursement of the bond generally would not occur until the merits are resolved. Moreover, if a matter is appealed, a bond may remain undisbursed pending resolution of the appeal.

nullity.  The resolution of the appeal bond issue was a ministerial extension of the circuit court's

March 7 order and judgment.  Therefore, we conclude that the order granting the appeal bond to

BONY was valid under Rule 1:1(b).

### III.  <u>The Circuit Court Properly Awarded the Appeal Bond to BONY</u>

While Haring's notice of appeal on the merits of the circuit court's ruling was filed late,

her notice was timely to appeal the circuit court's granting of the appeal bond to BONY.

However, we find that the circuit court's judgment on this issue was proper.

Statutory interpretation is a question of law that we review *de novo*.  *Robinson v.

Commonwealth*, 68 Va. App. 602, 606 (2018).  When interpreting a statute, "our primary

objective is to ascertain and give effect to the legislative intent, which 'is initially found in the

words of the statute itself.'"  *Chaffins v. Atl. Coast Pipeline, LLC*, 293 Va. 564, 568 (2017)

(quoting *Crown Cent. Petroleum Corp. v. Hill*, 254 Va. 88, 91 (1997)).

The requirement of an appeal bond from general district to circuit court is governed by

Code §§ 16.1-107 and 8.01-129.  Haring's arguments rely solely on Code § 8.01-129, which

states in pertinent part:

> When the appeal is taken by the defendant, he shall be required to
> give security also for all rent which has accrued and may accrue
> upon the premises, but for not more than one year's rent, and also
> for all damages that have accrued or may accrue from the unlawful
> use and occupation of the premises for a period not exceeding
> three months.

Haring argues that the bond should be returned to her for two reasons.  First, she notes

that the home was not a rental property and therefore no rent had accrued; and second, she argues

that because BONY did not expressly sue for damages, it could not obtain a judgment for

damages.  However, these arguments ignore the language of Code § 16.1-107:

> A.  No appeal shall be allowed unless and until the party applying
>     for the same or someone for him shall give bond, *in an amount
>     and with sufficient surety approved by the judge or by his clerk*

*if there is one, or in an amount sufficient to satisfy the judgment of the court in which it was rendered.* Either such amount shall include the award of attorney fees, if any. . . .

B. In all civil cases, except trespass, ejectment, unlawful detainer against a former owner based upon a foreclosure against that owner, or any action involving the recovering rents, no indigent person shall be required to post an appeal bond. In cases of unlawful detainer against a former owner based upon a foreclosure against that owner, a person who has been determined to be indigent pursuant to the guidelines set forth in § 19.2-159 shall post an appeal bond within 30 days from the date of judgment.

C. In cases of unlawful detainer for a residential dwelling unit, notwithstanding the provisions of § 8.01-129, an appeal bond shall be posted by the defendant with payment into the general district court in the amount of outstanding rent, late charges, attorney fees, and any other charges or damages due, as contracted for in the rental agreement, and as amended on the unlawful detainer by the court. If such amount is not so paid, any such appeal shall not be perfected as a matter of law. . . .

D. *If such bond is furnished by or on behalf of any party against whom judgment has been rendered for money or property or both, the bond shall be conditioned for the performance and satisfaction of such judgment or order as may be entered against such party on appeal, and for the payment of all costs and damages which may be awarded against him in the appellate court.* If the appeal is by a party against whom there is no recovery except for costs, the bond shall be conditioned for the payment of such costs and damages as may be awarded against him on the appeal.

E. In addition to the foregoing, any party applying for appeal shall, within 30 days from the date of the judgment, pay to the clerk of the court from which the appeal is taken the amount of the writ tax of the court to which the appeal is taken and costs as required by subdivision A 13 of § 17.1-275, including all fees for service of process of the notice of appeal in the circuit court pursuant to § 16.1-112.

(Emphasis added).

Code § 16.1-107 clearly requires that the appealing party post a bond, with the simple requirement that the amount be approved by the general district court judge or clerk.[7] The language of subsection (D) reveals the purpose of the appeal bond: "the bond shall be conditioned for the performance and satisfaction of such judgment or order as may be entered against such party on appeal, and for the payment of all costs and damages which may be awarded against him in the appellate court." In other words, appeal bonds are "designed to protect the judgment rights of successful litigants." *Greer v. Dillard*, 213 Va. 477, 479 (1973). "An appeal bond provides assurances that any judgment that may be rendered on appeal, if perfected, will be satisfied." *Mahoney v. Mahoney*, 34 Va. App. 63, 67 (2000) (en banc).

Here, both Haring and BONY agreed in circuit court that the general district court had "deemed" the amount of the appeal bond to be "the amount of damage to the plaintiff for the continued inability to possess the property pending an appeal." The circuit court then ordered that the appeal bond be given to BONY as "damages" for their inability to possess the property for a lengthy period.[8]

A foreclosure purchaser who is unable to possess the purchased property suffers legitimate financial damages. As BONY notes on brief, a foreclosure purchaser in this position is financially obligated to cover the costs of insurance, depreciation, and taxes, and is unable to rent or sell the property. The circuit court's award of the appeal bond to BONY sought to compensate BONY for at least some of these damages. We find that this was appropriate, and we affirm the circuit court's judgment.

---

[7] In circuit court, Haring made lengthy arguments that the amount of the appeal bond was erroneous. As she does not repeat these arguments on appeal, we do not address the amount of the bond here.

[8] BONY, in fact, presented documentation of much higher damages given its prolonged inability to access the premises.

## IV.  Conclusion

Because the March 7 order disposed of the entire action between the parties, and because the request for the appeal bond was not part of either a claim or counterclaim, we find that the March 7 order was the final order in the case and that Haring's first three assignments of error are therefore dismissed.  We additionally find no error in the circuit court's award of the appeal bond to BONY.

*Affirmed in part, and dismissed in part.*