COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges O'Brien, Fulton and White

VIRGINIA STATE CONFERENCE NAACP, ET AL.

v.      Record No. 0264-24-2

GOVERNOR GLENN A. YOUNGKIN,
 IN HIS OFFICIAL CAPACITY AS
 GOVERNOR OF VIRGINIA, ET AL.

VIRGINIA STATE CONFERENCE NAACP, ET AL.

v.      Record No. 0948-24-2

GOVERNOR GLENN A. YOUNGKIN,
 IN HIS OFFICIAL CAPACITY AS
 GOVERNOR OF VIRGINIA, ET AL.

MEMORANDUM OPINION*
PER CURIAM
AUGUST 5, 2025

FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
W. Reilly Marchant, Judge

(N. Thomas Connally; Jerrauld C.C. Jones; Ezra Rosenberg; Ryan
Snow; Hogan Lovells US, LLP; Lawyers' Committee for Civil
Rights Under Law, on briefs), for appellants.

(Jason S. Miyares, Attorney General; Steven G. Popps, Chief Deputy
Attorney General; Thomas J. Sanford, Deputy Attorney General;
Jacqueline C. Hedblom, Senior Assistant Attorney General; R.
Cooper Vaughan, Assistant Attorney General; Christopher P.
Bernhardt, Assistant Attorney General, on brief), for appellees.

In these consolidated appeals, we determine whether an order entered on January 16,

2024, in this Freedom of Information Act (FOIA) case was final or interlocutory. Having

examined the briefs and record in these cases, the panel unanimously agrees that oral argument is

unnecessary. *See* Code § 17.1-403(ii)(c); Rule 5A:27(c). We conclude that the January 16 order

_____

* This opinion is not designated for publication. *See* Code § 17.1-413(A).

was not a final order under Rule 1:1(b). Thus, we dismiss the appeal in Record No. 0264-24-2 without prejudice; we reverse the trial court's judgment in Record No. 0948-24-2 and remand for further proceedings.

BACKGROUND

We recite the facts in the light most favorable to the Governor and the Secretary of the Commonwealth (collectively, the Governor) because, in the current posture, they prevailed below. *See Konadu v. Commonwealth*, 76 Va. App. 606, 610 n.1 (2024) (explaining that "we recite the facts 'in the "light most favorable" to the Commonwealth, the prevailing party in the trial court'" (quoting *Hammer v. Commonwealth*, 74 Va. App. 225, 231 (2022))). Yet given that we remand for further proceedings and the parties are familiar with the record, we recite only those facts necessary to decide the threshold procedural question.

The Virginia State Conference of the NAACP and its President, Robert N. Barnette, Jr., (collectively, the NAACP) filed a petition for declaratory judgment and mandamus under Code § 2.2-3713. The petition alleged that the NAACP had filed a FOIA request with which the Governor had not fully complied. The petition sought several categories of records, for which the NAACP alleged no exemption applied. The petition described the disputed records as follows:

> a. An administration transition document that included information about the restoration of rights process;
>
> b. Emails or other documents and attachments that describe the types or categories of information about restoration of rights applicant requested by the Director of Clemency and provided by other state agencies;
>
> c. Agendas, notes, or other documents related to calendared meetings to discuss various aspects of the restoration of rights process, and at which the Governor was not present;
>
> d. Documents containing relevant information about applicants whose restoration of rights applications were ultimately denied, including records evidencing the raw numbers of applicants and denials, as well as the timing of those applications and denials; and

e.  Communications with applicants whose completed applications were ultimately denied.

In its prayer for relief the NAACP expressly requested that the trial court:

A.  Hold a hearing on this matter within seven days of the date of the filing of this petition as required by VFOIA.  *See* Va. Code §  2.2-3713(C);

B.  Issue a declaration that Respondents have violated VFOIA by failing to provide non-exempt records, by failing to state the specific statutory exemptions providing the basis for their withholding of specific records, and by failing to produce partially redacted versions of responsive records containing partially-exempt information;

C.  Issue a writ of mandamus ordering Respondents to provide any and all non-exempt records that are responsive to the Petitioners' VFOIA requests, including but not limited to the specific records identified herein, as soon as  practicable;

D.  Award Petitioners their reasonable attorney fees and costs under Va. Code § 2.2-3713(D);[1] and

E.  Provide any other relief this court deems legal, equitable, and  appropriate.

The Governor demurred, arguing that the disputed records were exempt "working papers" of the

Office of the Governor under Code § 2.2-3705.7(2).

At a hearing on the demurrer, the parties advised the court that they had resolved most of

the issues but remained divided over whether a specific database fell within the "working

---

[1] Code § 2.2-3713(D) provides, in pertinent part, as follows:

The petition shall allege with reasonable specificity the circumstances of the denial of the rights and privileges conferred by this chapter.  A single instance of denial of the rights and privileges conferred by this chapter shall be sufficient to invoke the remedies granted herein.  If the court finds the denial to be in violation of the provisions of this chapter, the petitioner shall be entitled to recover reasonable costs, including costs and reasonable fees for expert witnesses, and attorney fees from the public body if the petitioner substantially prevails on the merits of the case, unless special circumstances would make an award unjust.

papers" exemption. The NAACP clarified that it was asking the court to address only the database, because the Governor had produced the other records, but it still wanted an award of attorney fees, arguing "that we have prevailed substantially at this point." After considering testimony and argument, the trial court sustained the Governor's demurrer concerning the database, finding that it "clearly [was] a working paper created for [the Governor's] deliberative use."

The court directed the Governor's counsel to prepare an appropriate order. The NAACP again raised the matter of attorney fees and costs for prevailing on the other four matters. The court stated that it was not prepared to rule on that matter because the parties had not briefed it. It directed the parties to "discuss it" and if they could not agree, they could "come back for [a] separate hearing on the motion . . . seeking . . . attorneys' fees, costs, whatever it is you're seeking." The NAACP moved for reconsideration of the demurrer ruling, which the court denied.

On January 16, 2024, the trial court entered an order memorializing its ruling sustaining the Governor's demurrer. The January 16 order held that the Governor had "established by a preponderance of the evidence that all the records contained in the restoration of rights applicant database are exempt from mandatory production pursuant to Virginia Code § 2.2-3705.7(2)." Thus, the January 16 order stated, "it is ORDERED that Petitioners' Petition for Declaratory Judgment and Mandamus is DENIED." The order also expressly provided: "This matter is continued to address Petitioners' request for an award of fees and costs." The NAACP noted an appeal on February 14, 2024. That appeal was assigned Record Number 0264-24-2.

On March 19, 2024, the NAACP moved "for determination of entitlement and award for attorneys' fees and costs." The Governor noticed the matter for a hearing, and opposed any award of attorney fees and costs, arguing that the January 16 order was a final order, which the

NAACP had appealed, so the trial court no longer had jurisdiction to consider the request; additionally, the Governor contended that the request lacked merit. The NAACP countered that the court retained jurisdiction because it had not yet rendered final judgment "resolving all claims" before it.

At a hearing on the motion, the NAACP argued that the January 16 order was not final because it addressed only production of the five categories of documents, but left open the issue of attorney fees, which under FOIA required a threshold determination of whether the NAACP was entitled to the documents that initially had been withheld. The NAACP posited that attorney fees are not ancillary under FOIA; rather, they represent a "key enforcement mechanism." And it reminded the trial court that it had raised the matter in its earlier briefings and twice at the demurrer hearing.

The Governor maintained that the January 16 order was final and the trial court had lost jurisdiction over the matter. Noting that the court speaks through its orders and the January 16 order denied the petition for a writ of mandamus, the Governor contended that the court had adjudicated the merits of the petition. The Governor acknowledged that the January 16 order "left it open for the petitioners to come back and request for attorney fees and costs," but argued that the NAACP was required to do so within 21 days of the January 16 order.

The trial court continued the matter for the parties to provide additional authority addressing its jurisdiction under Rule 1:1(a) and Rule 1:1B. In a May 23, 2024 order, the court ruled that the NAACP had noted an appeal of the January 16 order and "[t]he parties are now briefing the matter before the Court of Appeals, with Petitioners' opening brief due on June 20, 2024." The trial court held that because it lacked jurisdiction "to award further relief," it denied the NAACP's motion for attorney fees.

The NAACP noted an appeal of that order, which was assigned Record Number 0948-24-2. We consolidated the appeals on the parties' joint motion.

ANALYSIS

"All final judgments, orders, and decrees, irrespective of terms of court, remain under the control of the trial court and may be modified, vacated, or suspended for [21] days after the date of entry, and no longer." Rule 1:1(a). "That rule is 'mandatory in order to assure the certainty and stability that the finality of judgments brings.'" *Dobson v. Commonwealth*, 76 Va. App. 524, 529 (2023) (quoting *Super Fresh Food Mkts. of Va., Inc. v. Ruffin*, 263 Va. 555, 563 (2002)). But Rule 1:1(a) "is not applicable" before the entry of a final judgment. *Super Fresh*, 263 Va. at 561.

"[W]hether a particular order is a final judgment is a question of law that [we] review *de novo*." *Ritchie v. Commonwealth*, 74 Va. App. 328, 332 (2022); *Carrithers v. Harrah*, 60 Va. App. 69, 73 (2012) (same). *Cf. Russell v. Commonwealth*, 79 Va. App. 618, 623 (2024) ("Whether a trial court properly retained jurisdiction to entertain a motion is a question of law that we review de novo."). Even so, it "is not always easy to determine" when an order is final. *Dir. of Dep't of Corrs. v. Kozich*, 290 Va. 502, 512 (2015) (quoting *Brooks v. Roanoke Cnty. Sanitation Auth.*, 201 Va. 934, 936 (1960)).

"It is settled law in Virginia that an order is final when it 'disposes of the entire action and leaves nothing to be done except the ministerial superintendence of execution of the judgment.'" *Commonwealth v. McBride*, 302 Va. 443, 451 (2023) (quoting *Super Fresh*, 263 Va. at 560).

> Unless otherwise provided by rule or statute, a judgment, order or decree is final if it disposes of the entire matter before the court, including all claim(s) and all cause(s) of action against all parties, *gives all the relief contemplated, and leaves nothing to be done* by the court except the ministerial execution of the court's judgment, order or decree.

- 6 -

Rule 1:1(b) (emphasis added). Stated simply, "[a]n order is final if it disposes of the 'entire action.'" *Kosko v. Ramser*, 299 Va. 684, 688 (2021) (quoting *Super Fresh*, 263 Va. at 560). "A 'final judgment' on the 'entire action,' . . . require[s] final dispositions on *all* pending claims before any of them can be appealed." *Robert & Bertha Robinson Family, LLC v. Allen*, 295 Va. 130, 148 (2018) (emphasis added) (quoting *Hackett v. Commonwealth*, 293 Va. 392, 399 (2017)).

Conversely, an order is not final if further action is necessary to dispose of the entire subject matter. "Where further action of the court in the cause is necessary to give completely the relief contemplated by the court, the decree is not final but interlocutory." *Kellogg v. Green*, 295 Va. 39, 45 (2018) (quoting *Brooks*, 201 Va. at 936); *de Haan v. de Haan*, 54 Va. App. 428, 437 (2009) (same). "[A]n order that 'retains jurisdiction to reconsider the judgment or to address other matters still pending' is ordinarily not a final order." *Friedman v. Smith*, 68 Va. App. 529, 538 (2018) (quoting *Super Fresh*, 263 Va. at 561). "Thus, a 'decree which leaves anything in the cause to be done by the court is interlocutory,' rather than final, in nature." *Id.* (quoting *Prizzia v. Prizzia*, 45 Va. App. 280, 285 (2005)).

In answering the finality question about the January 16 order, we must determine whether the trial court's order continuing the case to consider the NAACP's unresolved statutory claim for attorney fees under Code § 2.2-3713(D) qualifies as a "matter[ ] still pending," so that "further action" by the court was necessary, *or* whether the fee award determination was simply a "ministerial" or "ancillary" act following a final order. We find that the January 16 order was not a final order because it did not fully dispose of the statutory claims asserted in the NAACP's petition.

One of the specific items sought in the NAACP's prayer for relief was an award of attorney fees and costs under Code § 2.2-3713(D). Thus, the January 16 order did *not* address

- 7 -

"all pending claims" because attorney fees were a substantive part of the NAACP's requested relief. The court expressly left open the question of attorney fees in the January 16 order. In short, the order itself left "something further to do" on a material part of NAACP's statutory claim. Without further action, a substantive component of NAACP's claims effectively would remain unadjudicated.

The Governor cites several cases where final orders, resolving all pleaded claims, were entered and subsequent motions for ancillary post-trial relief were filed. In those circumstances, the 21-day clock established by Rule 1:1(a) was triggered and continued to run unless the final order was modified, vacated, or suspended. For example, in *Kosko v. Ramser*, two days after the trial court entered a final non-suit order, defendants moved for costs without moving to suspend or vacate the final order. 299 Va. at 686. The trial court subsequently awarded fees more than 21 days after judgment. *Id.* The Supreme Court reversed the award, explaining: "The filing of ancillary motions for the recovery of costs or the filing of other post-trial motions does not suddenly transform an otherwise final order into a nonfinal order." *Id.* at 689.

In *Super Fresh*, the trial court entered judgment on a jury verdict. 263 Va. at 559. Super Fresh filed a post-judgment motion seeking reconsideration of its earlier motion to set aside the verdict, arguing that the trial court had not addressed its defense of statutory immunity. *Id.* On the twentieth day after it had entered judgment, the trial court entered an order "retaining jurisdiction" over the case—but did not modify, vacate, or suspend the judgment order. *Id.* Several months elapsed before the court entered what it styled a "[f]inal [o]rder," from which Super Fresh appealed. *Id.* Holding that Super Fresh's notice of appeal was untimely, the Supreme Court explained that the "order purporting to extend the period of the trial court's jurisdiction beyond the post-judgment [21-]day time period of Rule 1:1 was ineffective because that order did not modify, vacate, or suspend the final judgment." *Id.* at 563.

Similarly, in *Carrithers*, the notice of appeal was untimely because the trial court had entered a final judgment and remanded the "ministerial superintendence of execution of the judgment" to the juvenile court. 60 Va. App. at 73. We explained that a letter from the trial court directing the parties to brief attorney fee motions did not change the finality of its prior order dismissing all claims on a jurisdictional basis. *Id.* at 75.

These cases illustrate the settled principle that when a court enters a final order disposing of all substantive claims, ancillary post-judgment motions for fees or costs or reconsideration must either be resolved within 21 days of judgment or the court must modify, vacate, or suspend the final order. But that is not the situation before us.

Here, the January 16 order expressly continued the matter to address attorney fees. By doing so, it indicated the 21-day time period of Rule 1:1(a) had not started; the court was not attempting to interrupt the 21-day time period of Rule 1:1(a). "Rather, it was expressly indicating that the order was not rendering a final judgment." *Super Fresh*, 263 Va. at 562.

We find this case closer to the situation in *Concerned Taxpayers v. County of Brunswick*, 249 Va. 320 (1995). There, the trial court entered an order dismissing the bill of complaint, but the order itself stated that the court would reconsider the Concerned Taxpayers' request to file an amended bill of complaint, and it granted individually named defendants leave to file "additional submissions" on a motion for sanctions. *Id.* at 331-32. The Supreme Court explained in *Super Fresh* that by including the other directives, the trial court in *Concerned Taxpayers* had not entered a final order. 263 Va. at 562.

The January 16 order contemplated further action on a material, unresolved portion of NAACP's pleaded claim for relief under Code § 2.2-3713(D). "Further action in the cause, therefore, not simply of a ministerial nature, was necessary and was contemplated to accomplish what the court adjudicated should be done." *Brooks*, 201 Va. at 936. On the face of the January

16 order, something substantive remained to be done to resolve the NAACP's claim for relief; thus, the January 16 order was not final.

*Record No. 0264-24-2*

This Court has appellate jurisdiction over "any final judgment, order, or decree of a circuit court in a civil matter," interlocutory orders under Code §§ 8.01-267.8 or 8.01-675.5, and certain interlocutory orders involving equitable claims, Code § 17.1-405(A)(3), (A)(4), (A)(5). The challenged order is not final because it did not adjudicate the NAACP's claim for attorney fees and costs. Nor is it an appealable interlocutory order. Thus, we are without jurisdiction to consider the appeal.

*Record No. 0948-24-2*

The trial court erroneously concluded that the January 16 order was final.[2]

CONCLUSION

The January 16 order was not a final order and expressly left open a substantive matter that the NAACP had pleaded in its petition. Thus, the appeal in Record No. 0264-24-2 is premature. Code § 17.1-405(A)(3); Rule 5A:6(a). Further, because the January 16 order was not final, the trial court erred in ruling that it lacked jurisdiction under Rule 1:1(a) to consider the

---

[2] The trial court was required to yield to our jurisdiction once the NAACP filed its premature appeal. Rule 1:1B. "[T]he 'orderly administration of justice requires that when an appellate court acquires jurisdiction over the parties involved in litigation and the subject matter of their controversy, the jurisdiction of the trial court from which the appeal was taken must cease.'" *Bonanno v. Quinn*, 299 Va. 722, 733 (2021) (quoting *Walton v. Commonwealth*, 256 Va. 85, 95 (1998)); *Simms v. Alexandria Dep't of Cmty. Servs.*, 74 Va. App. 447, 461 (2022) (same). But the trial court could have held the matter in abeyance until we disposed of the premature appeal.

- 10 -

unresolved substantive claim.  Accordingly, we dismiss the premature appeal without prejudice and remand the matter to the trial court to consider the attorney fee issue.

*Record No. 0264-24-2, Dismissed without prejudice.*

*Record No. 0948-24-2, Reversed and remanded.*