PRESENT:  Koontz, Kinser, Lemons, Goodwyn, and Millette, JJ.,
and Carrico and Russell, S.JJ.


DEBRA A. HUTCHINS, M.D., ET AL.

                                        OPINION BY
v.    Record No. 081632        JUSTICE S. BERNARD GOODWYN
                                       November 5, 2009
RITA TALBERT


            FROM THE CIRCUIT COURT OF THE CITY OF ALEXANDRIA
                      Lisa Bondareff Kemler, Judge

      In this appeal we consider whether an order denying a

motion to set aside the verdict is a final judgment for

purposes of appeal when the trial judge has rendered final

judgment in a separate, previously entered order, which is not

vacated, suspended, or modified by the order ruling upon the

motion to set aside the verdict.

      Rita S. Talbert filed a complaint against Debra A.

Hutchins, M.D. and Alexandria Surgery, Ltd. (collectively

"Hutchins"), along with other defendants, for medical

malpractice.  The jury subsequently awarded Talbert a verdict

in the amount of $4 million.  The amount of the verdict was

reduced by the circuit court to $885,000, taking into account

Talbert's earlier settlement with the other defendants and the

application of the statutory limit on medical malpractice

damages.  Code §§ 8.01-35.1 and -581.15.

      On April 25, 2008, the circuit court entered an order

entitled "Final Order."  The final order renders judgment in

favor of Talbert against Hutchins in the amount of $885,000 plus post-judgment interest, and it concludes: "AND THIS CAUSE IS ENDED."

On that same date, the circuit court also entered a separate "Suspending Order." The suspending order states:

> It is ORDERED that the final Order be suspended for fourteen (14) days from this date. This tolls the running of the twenty-one (21) day provision in Rule 1:1, thus allowing a total of thirty-five (35) days for entry of an Amended Final Order.

Subsequently, Hutchins filed a motion to set aside the verdict. On May 28, 2008, the circuit court entered an order denying the motion to set aside the verdict. This May 28, 2008 order addresses only the motion to set aside the verdict; it does not refer to the final order in any manner. The circuit court entered no other orders in the case thereafter. Hutchins filed a notice of appeal on June 19, 2008.

Talbert has filed a motion to dismiss Hutchins' appeal. Talbert asserts that the suspension of the circuit court's final judgment order ended on May 9, 2008. Talbert contends that because the final judgment for Talbert was not thereafter modified, vacated, or suspended, Hutchins was required, pursuant to Rule 5:9, to file a notice of appeal within thirty days of May 9, 2008. Talbert claims that Hutchins' notice of appeal, filed on June 19, 2008, was not timely, and that Hutchins' appeal should be dismissed as a result thereof.

Hutchins claims that their notice of appeal was timely filed. Hutchins concedes that if Hutchins had not filed a timely post-trial motion, or if a timely motion was filed but not ruled upon while the circuit court retained jurisdiction, the April 25, 2008 final order would have been the circuit court's final judgment for purposes of appeal. However, Hutchins asserts that, because they filed a post-trial motion and the circuit court denied that motion in a written order while the circuit court still had jurisdiction, the circuit court's May 28, 2008 order denying the motion for a new trial is the final judgment of the circuit court for purposes of Rule 5:9. Noting that they filed their notice of appeal on June 19, 2008, which was within thirty days of May 28, 2008, Hutchins asserts that their notice of appeal was timely.

Rule 5:9(a) states as follows:

> No appeal shall be allowed unless, within 30 days after the entry of final judgment or other appealable order or decree, or within any specified extension thereof granted by this Court pursuant to Rule 5:5(a), counsel for the appellant files with the clerk of the trial court a notice of appeal and at the same time mails or delivers a copy of such notice to all opposing counsel.

Rule 5:9(a).

Rule 5:5(a) states that the time prescribed for filing a notice of appeal is mandatory. The Rule further states:

> The time period for filing the notice of appeal is not extended by the filing of a motion for a new

3

> trial, a petition for rehearing, or a like pleading unless the final judgment is modified, vacated, or suspended by the trial court pursuant to Rule 1:1 . . . . In any such case the time for filing shall be computed from the date of final judgment entered following such modification, vacation, or suspension . . . .

Rule 5:5(a).

> Rule 1:1 provides:

> All final judgments, orders, and decrees, irrespective of terms of court, shall remain under the control of the trial court and subject to be modified, vacated, or suspended for twenty-one days after the date of entry, and no longer. . . . The date of entry of any final judgment, order, or decree shall be the date the judgment, order, or decree is signed by the judge.

Rule 1:1.

The circuit court entered final judgment for Talbert on April 25, 2008. Also on April 25, 2008, the circuit court entered an order suspending the final judgment order for fourteen days. The date of entry of any final judgment, order, or decree is the date the judgment, order, or decree is signed by the judge. Rule 1:1. However, in this case, as allowed by Rule 1:1, the circuit court suspended the entry of the final order for fourteen days.

The fourteen day time period set forth in the suspending order of April 25 was self-executing, expiring by the terms of the order on May 9, 2008. When the suspension expired on May 9, 2008, the final order took effect. See Wagner v. Shird, 257 Va. 584, 587, 514 S.E.2d 613, 614-15 (1999). The twenty-one

4

day time period under Rule 1:1 during which the court could modify, vacate, or suspend the final judgment, and the thirty day time period under Rule 5:9 for filing a notice of appeal, began to run on that date.

Hutchins filed a motion to set aside the verdict. The circuit court entered an order on May 28, 2008, denying the motion to set aside the verdict. Rule 5:5(a) clearly states that the time period for filing the notice of appeal is not extended by the filing of a motion for a new trial, a petition for rehearing, or a like pleading unless the final judgment is modified, vacated, or suspended by the circuit court pursuant to Rule 1:1. Thus, the motion to set aside the verdict did not extend the period for filing the notice of appeal. Also, because the court's May 28, 2008 order denying the motion to set aside the verdict did not modify, vacate, or suspend the final judgment, the order denying the motion to set aside the verdict also failed to extend the time for filing a notice of appeal.

Because the final judgment, which took effect on May 9, 2008, was not modified, vacated, or suspended by the circuit court pursuant to Rule 1:1, Hutchins had thirty days from May 9 to file a notice of appeal. Therefore, pursuant to Rule 5:9, Hutchins' notice of appeal needed to have been filed on or

before June 9, 2008.[*]  The notice of appeal filed by Hutchins on June 19, 2008, is untimely. The time prescribed for filing the notice of appeal is mandatory.  Rule 5:5(a).

Accordingly, Talbert's motion to dismiss Hutchins' appeal is granted.  Hutchins' appeal in this case will be dismissed.

<u>Dismissed.</u>

---

[*] June 8, 2008, was a Sunday.  Pursuant to Code § 1-210, the last day to file would have been Monday, June 9, 2008.

6