COURT OF APPEALS OF VIRGINIA

Present:   Judges Huff, AtLee and Callins
Argued at Richmond, Virginia


MAYO'S ISLAND, L.C.

MEMORANDUM OPINION[*] BY
v.        Record No. 0761-23-2        JUDGE DOMINIQUE A. CALLINS
NOVEMBER 19, 2024

VIRGINIA COMMONWEALTH UNIVERSITY, ET AL.


FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
Clarence N. Jenkins, Jr., Judge

Andrea Shaia Bade (Thomas Shaia; Shaia's Law, PLLC, on briefs),
for appellant.

Christopher P. Bernhardt, Assistant Attorney General (Jason S.
Miyares, Attorney General; Steven G. Popps, Deputy Attorney
General; Jacqueline C. Hedblom, Senior Assistant Attorney
General/Trial Section Chief, on brief), for appellees.


This case concerns a dispute over the exercise of an early termination clause in a

commercial lease. Mayo's Island, L.C. filed a motion for judgment alleging one count of breach of

contract against Virginia Commonwealth University, the Comptroller of Virginia, and the

Commonwealth of Virginia (collectively, "VCU") after VCU exercised an early termination clause

in the parties' lease and stopped paying rent. VCU demurred, and the circuit court sustained

VCU's demurrer. On appeal, Mayo's Island argues that the circuit court erred in sustaining the

demurrer. We disagree and affirm the circuit court's judgment.

---

[*] This opinion is not designated for publication. *See* Code § 17.1-413(A).

BACKGROUND[1]

Commencing in 2014, VCU leased a parking area from Mayo's Island for a period of approximately two years. In 2015, the parties amended the lease ("first amendment") to extend the lease term, add additional parking spaces, restate the rent, and make improvements to the parking area. In 2019, VCU sought to "secure a bus shelter to the ground" of the leased premises, but certain code compliance issues with the City of Richmond prevented it from doing so. Thus, in the same year, the parties again amended the lease ("second amendment") to extend the lease period until April 30, 2022, and to adjust certain terms. Most pertinent to this case, the second amendment "deleted in its entirety" a termination clause[2] in the original lease and replaced it with the following early termination clause:

> As of August 31, 2019, [Mayo's Island] shall resolve any present outstanding code or ordinance compliance ("Code") issues with the City of Richmond, Virginia (the "City") that affect the Premises as of May 1, 2019 as set forth on Exhibit B attached hereto (the "Code Compliance Items"). If the Code Compliance Items are not resolved with the City no later than August 31, 2019, unless [Mayo's Island] has filed an applicable appeal with the City with respect to such Code Compliance Items that stays any enforcement of such violation, then at any time thereafter, [VCU] shall have the right to terminate the Lease upon 60 days written notice to [Mayo's Island] so long as the Code Compliance Items have not been resolved with the City and there is no appeal of such matters. [VCU] is not required to give any notice to cure or other notice, except for the 60 days to terminate specified in this subsection.

Exhibit B, which was attached to the second amendment, identified the specific code compliance issues that prevented VCU from obtaining a permit from the City of Richmond "to secure a bus

---

[1] "In evaluating a demurrer, the appellate court 'consider[s] as admitted the facts expressly alleged [in the complaint] and those which fairly can be viewed as impliedly alleged or reasonably inferred." *Qiu v. Huang*, 77 Va. App. 304, 317 (2023) (first alteration in original) (quoting *Hooked Grp., LLC v. City of Chesapeake*, 298 Va. 663, 667 (2020)).

[2] The record does not include the text of the termination clause in the original, unamended lease between VCU and Mayo's Island.

shelter to the ground" in the leased parking area. It stated that the code compliance issues "must be brought into compliance with the City of Richmond Code," however, "[o]nce [VCU] is able to receive a permit from the City of Richmond to secure a bus shelter to the ground on the Premises, this condition shall be considered met."

Although Mayo's Island submitted the paperwork to obtain the permits and resolve the code compliance issues in June and August of 2019, the City did not respond to the permit application; consequentially, Mayo's Island did not resolve the code compliance issues with the City by August 31, 2019. Mayo's Island also did not have an appeal filed with the City by August 31, 2019. Nevertheless, at some point in time, VCU secured a bus shelter on the leased property.[3] Prior to July 2021, VCU removed the bus shelter.

On April 30, 2021, VCU notified Mayo's Island that it was exercising its early termination option, stating that "[a]fter verifying with the City of Richmond, it is clear that the outstanding code compliance issues Mayo's Island, L.C. has with the City . . . continue to be unresolved, and continue to prevent VCU from installing the bus shelter." On May 10, 2021, Mayo's Island responded to VCU's letter, asserting that the early termination clause could not be exercised for the City's nonresponse. Therefore, Mayo's Island stated that it would enforce the terms and conditions of the lease. In July 2021, VCU stopped paying rent to Mayo's Island until the end of the lease on April 30, 2022.[4]

---

[3] The record does not reflect when VCU secured the bus shelter or if the bus shelter was secured to the ground.

[4] Mayo's Island "received permission [from the City of Richmond] to commence work on the property in accordance with the terms as stated in [the early termination clause] of the Second Amendment" on or about July 1, 2021. Mayo's Island then notified VCU of the City's response on or about July 12, 2021. However, VCU had already provided Mayo's Island with 60 days' notice of its termination pursuant to the early termination clause.

Mayo's Island filed a motion for judgment alleging one count of breach of contract against VCU. In Mayo's Island's motion, it argued that the "[f]ailure of the City of Richmond to give an answer to the permit request was not contemplated by the Termination clause." Because Mayo's Island did not expressly assume the risk of the City of Richmond's failure to respond, Mayo's Island argued that VCU was not able to terminate the lease; it also contended that the City's lack of response created a legal impossibility for it to obtain the permits or to appeal. Therefore, Mayo's Island claimed that VCU owed $240,000 for 10 months of unpaid rent.

VCU filed a demurrer, arguing that the failure of the City to give an answer to Mayo's Island's permit request "is irrelevant to the exercise of the Termination Clause . . . [t]he Parties agreed that [Mayo's Island] had the responsibility to *resolve* the code compliance issues," not merely file paperwork with the City to obtain the proper permits. VCU further argued that the City's nonresponse did not create a legal impossibility because performance of an absolute promise is not excused by the fact that a third person fails to take action essential to performance. Because Mayo's Island did not resolve the compliance issues and had no appeal pending with the City, VCU argued that it permissibly terminated the lease under the early termination clause and requested that the circuit court sustain its demurrer. Mayo's Island filed a response to VCU's demurrer, and, after a hearing on the matter, the circuit court sustained VCU's demurrer with prejudice on January 17, 2023. In reaching its ruling, the circuit court reasoned that the code compliance issues, which "must" have been brought into compliance with the City in order for VCU to secure a bus shelter to the ground, were not resolved by August 31, 2019. Because "there's no time restrictions that are placed on [VCU]" for when it could exercise the early termination clause, the circuit court ruled in favor of VCU.

Mayo's Island filed a motion to suspend, and the circuit court "issue[d] a stay" of the January 17 order on February 7, 2023, pending "further proceedings." Mayo's Island

simultaneously filed a motion to reconsider, and after a hearing, the circuit court denied the motion to reconsider and reinstated its previous order, dismissing Mayo's Island's claim with prejudice on April 10, 2023. The final order of April 10, 2023, reinstated the January 17, 2023 order "for the reasons stated on January 17, 2023, and April 10, 2023." Mayo's Island appealed, and VCU filed a motion to dismiss.[5]

## ANALYSIS

Mayo's Island argues that the circuit court erred by "failing to consider all of the reasons why the Termination Clause could not be exercised by [VCU]." Although Mayo's Island presents four assignments of error, they reduce to a single argument: that the circuit court erred in sustaining VCU's demurrer as a matter of law. We disagree.

---

[5] VCU moves this Court to dismiss Mayo's Island's appeal because Mayo's Island "filed its notice of appeal more than thirty days after the entry of the final order sustaining the demurrer without leave to amend, *not counting the days the final order was stayed*." (Emphasis added). We disagree with VCU and deny the motion to dismiss.

A circuit court loses jurisdiction over a final order 21 days after it is entered unless the court enters another order expressly modifying, vacating, or suspending that order. Rule 1:1(a). Yet, if the order is "modified, vacated, or suspended by the trial court pursuant to Rule 1:1," then the "time for filing is *computed from the date of the final judgment entered* following such modification, vacation, or suspension." Rule 5A:3 (emphasis added). On January 17, 2023, the circuit court entered an order sustaining VCU's demurrer with prejudice. The court then "issue[d] a stay" of that order, at Mayo's Island's request, on February 7, 2023, pending "further proceedings." On April 10, 2023, the circuit court ordered "that the Order entered on January 17, 2023, and stayed by the Court by Order dated February 7, 2023, is hereby reinstated *on this date* for the reasons stated on January 17, 2023, *and April 10, 2023*, [and] this case is dismissed with prejudice." (Emphases added).

To argue that Mayo's Island's "30-day deadline" did not start anew on April 10, 2023, VCU relies on two cases, *Wagner v. Shird*, 257 Va. 584 (1999), and *Hutchins v. Talbert*, 278 Va. 650 (2009). In both *Wagner* and *Hutchins*, however, the circuit court stayed the final orders for fixed periods of time; after these fixed periods of time, the final orders became operational upon the expiration of that time. Here, the circuit court stayed its January 17, 2023 order "until further proceedings." The "further proceeding" occurred on April 10, 2023. In the April 10 order, the trial court explicitly stated that it reinstated the January 17 order and dismissed Mayo's Island's claim for *both* "the reasons stated on January 17, 2023, *and* April 10, 2023." (Emphasis added). Thus, the final order in this case, and the final order for purpose of a timely appeal, is April 10, 2023. Because Mayo's Island's appeal was timely, we deny VCU's motion to dismiss.

This Court "reviews a decision to sustain or overrule a demurrer de novo because that decision 'involves issues of law.'" *Qiu v. Huang*, 77 Va. App. 304, 316 (2023) (quoting *Coutlakis v. CSX Transp., Inc.*, 293 Va. 212, 216 (2017)). "When a court dismisses a complaint on demurrer, we assume without any corroboration that factual allegations made with 'sufficient definiteness' are presumptively true." *Morgan v. Bd. of Supervisors*, 302 Va. 46, 52 (2023) (quoting *Squire v. Va. Hous. Dev. Auth.*, 287 Va. 507, 514 (2014)). "This is because '[a] demurrer tests the legal sufficiency of the facts alleged in pleadings, not the strength of proof.'" *Livingston v. Va. Dep't of Transp.*, 284 Va. 140, 150 (2012) (alteration in original) (quoting *Lee v. City of Norfolk*, 281 Va. 423, 432 (2011)). In testing the legal sufficiency of the facts alleged in the pleadings, a reviewing "court may also examine any exhibits accompanying the pleading." *TC MidAtlantic Dev., Inc. v. Commonwealth*, 280 Va. 204, 210 (2010). But "[i]f the pleading fails to state a cause of action, then the demurrer should be sustained." *Hartley v. Bd. of Supervisors*, 80 Va. App. 1, 26 (2024) (quoting *La Bella Dona Skin Care, Inc. v. Belle Femme Enters., LLC*, 294 Va. 243, 255 (2017)).

"The elements of a breach of contract action are (1) a legally enforceable obligation of a defendant to a plaintiff; (2) the defendant's violation or breach of that obligation; and (3) injury or damage to the plaintiff caused by the breach of obligation." *Young-Allen v. Bank of Am., N.A.*, 298 Va. 462, 469 (2020); *see also Filak v. George*, 267 Va. 612, 619 (2004) (outlining the same elements). This case concerns the second prong, and Mayo's Island's pleading fails to allege facts that VCU violated or breached a contractual obligation by exercising the early termination clause and refraining from paying rent.

In Mayo's Island's motion for judgment, it asserts that it "filed the proper paperwork with the City of Richmond to obtain the necessary permits" in June and August of 2019. Additionally, Mayo's Island contends that "VCU did secure a bus shelter on the property as requested" and that VCU removed the secured bus shelter sometime in or before July 2021. Finally, Mayo's Island

asserts that the City did not respond to its permit application until July 2021, at which point it "notified VCU of that response on or about July 12, 2021." Even when it is presumed that these factual allegations are true, Mayo's Island's pleading does not sufficiently allege that VCU breached or violated an obligation under the lease terms.

The early termination clause, to which both parties agreed, states that VCU "shall have the right to terminate the Lease [after August 31, 2019] . . . so long as the Code Compliance Items have not been resolved [by Mayo's Island] with the City and there is no appeal of such matters." Under the plain terms of the clause, Mayo's Island needed to either (1) resolve the code compliance issues or (2) have an appeal pending with the City by August 31, 2019, to prevent VCU from lawfully terminating the lease. It is undisputed that Mayo's Island did not receive a permit from the City and that it did not have an appeal filed with the City by August 31, 2019; Mayo's Island's motion for judgment does not suggest otherwise. Exhibit B to the second amendment states that, "[o]nce [VCU] is able to *receive a permit* from the City of Richmond to *secure a bus shelter to the ground* on the Premises, this condition shall be considered met." (Emphases added). Although Mayo's Island asserts that VCU *did* secure a bus shelter on the leased premises at some point, Mayo's Island does not factually allege that VCU received a permit from the City or that the bus shelter was secured *to the ground* of the leased property. Thus, Mayo's Island's pleaded facts, even when presumed true, fall short of successfully alleging a claim that VCU breached the contract by exercising the early termination clause and withholding rent.

Mayo's Island also argues that the circuit court erred by failing to consider that it "properly pled impossibility as a valid defense" because the City unexpectedly failed to respond to Mayo's Island's application for a permit. Mayo's Island itself recognizes that the impossibility doctrine is a *defense*—not an affirmative pleading. Our Supreme Court has likewise "long recognized an impossibility *defense* in contract actions." *RECIP IV WG Land Investors LLC v. Cap. One Bank*

- 7 -

*USA, N.A.*, 295 Va. 268, 284 (2018) (emphasis added); *Hampton Rds. Bankshares, Inc. v. Harvard*, 291 Va. 42, 53 (2016) ("The defense of impossibility of performance is an established principle of contract law."). Because on demurrer we review the sufficiency of the facts alleged in the pleadings, asserting an affirmative defense of impossibility does not save nor support Mayo's Island's claim that VCU breached the lease between the parties; this doctrine does not salvage the legally insufficient facts alleged in Mayo's Island's pleading. We therefore affirm the circuit court's judgment in sustaining VCU's demurrer.

## CONCLUSION

For the foregoing reasons, we affirm the judgment of the circuit court.

*Affirmed.*