COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:    Judges Friedman, Chaney and Raphael
Argued by videoconference


ROBERT H. FRANK, ADMINISTRATOR FOR THE
 ESTATE OF CAROLYN S. FRANK, DECEASED
                                                    MEMORANDUM OPINION* BY
v.        Record No. 2038-23-4                      JUDGE STUART A. RAPHAEL
                                                         MAY 6, 2025
MARK COMER, ET AL.


FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
David A. Oblon, Judge

Jacqueline A. Kramer (Thomas K. Plofchan, Jr.; Westlake Legal
Group, on briefs), for appellant.

Bret Giaimo (PJI Law, PLC, on brief), for appellees.


Robert H. Frank appeals the circuit court's order removing him as the administrator of

Carolyn S. Frank's estate.  Frank claims that the trial court erred by removing him without

finding that he breached his fiduciary duties to the estate.  Because Frank's notice of appeal was

untimely under Rule 5A:6, however, the appeal must be dismissed.

BACKGROUND

Frank is the stepson of decedent Carolyn S. Frank, and he qualified as curator of her

estate on January 14, 2021.  Having been married to Frank's father, Carolyn was a beneficiary of

the Marjorie B. Frank 1949 Trust ("family trust").  But in curating the estate, Frank learned that

Carolyn secretly remarried following the death of Frank's father.  The new marriage terminated

Carolyn's rights under the family trust, creating a claim by the family trust to recoup "several

hundred thousand dollars" from Carolyn's estate.

---

* This opinion is not designated for publication.  *See* Code § 17.1-413(A).

In March 2022, Frank resigned as curator and petitioned for an appointment as administrator of the estate. Soon thereafter, Frank sued the estate for the improper distributions it received from the family trust.

For the next year, Frank handled the affairs of the estate, negotiating tax liens and paying its debts. But in February 2023, more than two dozen of Carolyn's "intestate heirs at law" and "distant relatives" (collectively, "Comer") petitioned the circuit court to remove Frank as administrator.

Following a hearing on Comer's petition on September 8, 2023, the circuit court ruled from the bench that it was removing Frank as administrator. The court explained that it was "important to [the] [e]state to have a non-partisan administrator . . . to finish the job" and that "Frank [was] not the right person." On October 11, 2023, before that ruling was memorialized in a final order, Frank moved for reconsideration.

On October 19, 2023, the circuit court entered an order granting the relief sought by Comer. The order stated:

> IT FURTHER APPEARING to the Court that it is in the best interests of the Estate of Carolyn S. Frank that Robert H. Frank be relieved as Administrator and that Chain Bridge Bank, N.A. be appointed as Administrator *de bonis non*; it is therefore ORDERED as follows:
>
> 1. Pursuant to Va. Code § 64.2-610(B), Robert H. Frank is relieved as Administrator of the Estate of Carolyn S. Frank;
>
>    . . . .
>
> 3. Pursuant to Va. Code § 64.2-502(B), Chain Bridge Bank, N.A. is hereby appointed as Administrator of the Estate of Carolyn S. Frank . . . .

The order did not mention Frank's pending motion for reconsideration.

On October 31, 2023, the circuit court entered an order denying Frank's motion to reconsider. The order noted that Frank "is the step-son of the decedent and an alleged creditor of

the decedent's estate." And although "a creditor may be qualified as the administrator" under Code § 64.2-502(A)(4), Frank "did not disclose" when he moved for qualification "that he was a creditor." Continuing, the order stated that Frank had sued the estate for $2 million for "alleged fraud." The order noted the court's authority to remove an administrator if doing so was in the "best interest" of the estate. It stated that Frank's interests were "antagonistic to the decedent's estate as evidenced by his pursuit of litigation against" it as a creditor. So it was in "the best interests of the decedent's estate that [Frank] be removed from his role as Administrator." The court therefore denied the motion to reconsider, adding that "THIS MATTER REMAINS ENDED."

On November 21, 2023, Frank noted an appeal "from the Orders of this Court removing Robert H. Frank as the Administrator for the Estate of Carolyn S. Frank, entered October 19, 2023 and October 31, 2023, and made final by the Order of October 31, 2023."

ANALYSIS

Rule 5A:6 provides that "no appeal will be allowed unless, within 30 days after entry of final judgment or other appealable order or decree, . . . counsel files . . . a notice of appeal." "[A] timely notice of appeal is a mandatory prerequisite" for this Court to exercise jurisdiction. *Ghameshlouy v. Commonwealth*, 279 Va. 379, 390 (2010); *Johnson v. Commonwealth*, 1 Va. App. 510, 512 (1986). "[J]urisdiction is a question of law . . . reviewed *de novo* on appeal." *Johnson v. Johnson*, 72 Va. App. 771, 777 (2021) (quoting *Brown v. Brown*, 69 Va. App. 462, 468 (2018)). We also determine as a matter of law "whether a particular order is a final judgment." *Zeng v. Charles Wang*, 82 Va. App. 326, 341-42 (2024) (quoting *Carrithers v. Harrah*, 60 Va. App. 69, 73 (2012)).

When determining "the timeliness of a notice of appeal from a final judgment, obviously it is first necessary to determine" which "action of the trial court . . . constitutes the final

judgment." *Jefferson v. Commonwealth*, 298 Va. 473, 475 (2020) (quoting *Super Fresh Food Mkts. of Va., Inc. v. Ruffin*, 263 Va. 555, 560 (2002)). A final judgment "disposes of the entire matter before the court, including all claim(s) and all cause(s) of action against all parties, gives all the relief contemplated, and leaves nothing to be done by the court except the ministerial execution of the court's judgment, order or decree." Rule 1:1(b).

The trial court entered its order removing Frank as administrator and appointing his replacement on October 19, 2023. That order did not mention the motion to reconsider and, on its face, did not indicate that there was anything further to be done. If the October 19 order was the final order, then Frank's November 21, 2023 notice of appeal was untimely because it was filed more than 30 days later. But Frank argues that the October 31, 2023 order denying his motion for reconsideration was the final order, making his notice of appeal timely.

We disagree with Frank that the October 31 order altered the final-order status of the October 19 order. Only an order that "*clearly* and *expressly* modifies, vacates, or suspends the final judgment will interrupt or extend the running of that time period so as to permit the trial court to retain jurisdiction." *Super Fresh*, 263 Va. at 563 (emphases added). That requirement operates as "a clear-statement rule—the 'legal drafter' must 'use clarity of expression.' In other words, 'the result sought must be unquestionably expressed in the text.'" *Burkholder v. Palisades Park Owners Ass'n*, 76 Va. App. 577, 587 (2023) (quoting *Clear-Statement Rule*, *Black's Law Dictionary* (11th ed. 2019)). Thus, unless a new order entered within Rule 1:1(a)'s 21-day period "clearly and expressly modifies, vacates, or suspends the final judgment," *Super Fresh*, 263 Va. at 563, the final order remains final for purposes of noting an appeal.

The Supreme Court's decision in *Hutchins v. Talbert*, 278 Va. 650 (2009), provides a useful comparison. In *Hutchins*, the Court had to decide

> whether an order denying a motion to set aside the verdict [was] a
> final judgment for purposes of appeal when the trial judge . . .

- 4 -

rendered final judgment in a separate, previously entered order, which [was] not vacated, suspended, or modified by the order ruling upon the motion to set aside the verdict.

278 Va. at 652. The trial court had issued a "Final Order" and a "Suspending Order" on April 25, 2008. *Id.* The suspending order suspended the final order for 14 days. *Id.* On May 28, 2008, the trial court denied Hutchins's motion to set aside the verdict. *Id.* Hutchins noted his appeal on June 19, 2008, believing that the trial court's May 28 order was the final judgment "for purposes of Rule 5:9."[1] *Id.* at 653.

The Supreme Court held that because the suspending order was "self-executing," the April 25 final order went into effect on May 9, 2008. *Id.* at 654. And "because the court's May 28, 2008 order . . . did not modify, vacate or suspend the final judgment," it "failed to extend the time for filing an appeal." *Id.* at 654-55. In other words, the order denying Hutchins's motion to set aside the verdict had no bearing on the finality of the final order that took effect on May 9. The same reasoning applies here.

We disagree with Frank that the October 31 order modified the October 19 order by making "new evidentiary findings." To be sure, the October 31 order said more about the court's reasons for removing Frank as administrator. But nothing in the October 31 order purported to change the substance of the court's final order entered on October 19. Nor did the October 31 order expressly state that it was intended to modify any part of the October 19 order.

"Absent a clear indication" of the circuit court's intent to modify the October 19 order, adding new evidentiary findings "was not an action that could disrupt the finality of the original order." *Jefferson*, 298 Va. at 478. *See also Vokes v. Vokes*, 28 Va. App. 349, 357 (1998) (holding that the trial court's agreement to hear a motion to reconsider on a later date "had no

---

[1] Rule 5:9 is the Supreme Court analogue to this Court's Rule 5A:6. It provides that "[n]o appeal will be allowed unless, within 30 days after the entry of final judgment or other appealable order or decree" counsel for appellant files a notice of appeal. Rule 5:9(a).

tolling effect" when the final order "contained no language stating that [it] either modified or vacated the order or suspended its execution"). Far from expressly modifying the October 19 order, the October 31 order made clear that "THIS MATTER *REMAINS* ENDED." (Emphasis added.) The October 31 order thus reflected the trial court's resolve to leave the October 19 order in place as the final order. Thus, because the October 31 order denying Frank's motion to reconsider did not expressly modify the October 19 order, it "failed to extend the time for filing an appeal." *Hutchins*, 278 Va. at 654-55.

CONCLUSION

Frank's notice of appeal was untimely under Rule 5A:6(a) because it was filed on November 21, 2023, more than 30 days after the October 19, 2023 final order.

*Dismissed*.